CHICAGO, ROCK ISLAND & PACIFIC R. R. CO.

*v.*

WILLIAM H. FAIRCLOUGH.

1. RAILROADS—*of their liability as warehousemen for baggage of passengers.* When a passenger upon a railroad purchases his ticket and checks his baggage to the place of his destination, and such baggage arrived at its destination, and is not, from any cause, delivered to such passenger, or to his

agent, *it was held* that it was the duty of the company to deposit such baggage in their baggage room, in which event their responsibility becomes that of warehousemen, and they must respond in damages for any neglect in that capacity.

2.   It is not necessary that such place of deposit should be absolutely fire-proof, or burglar-proof, but such a place as a man of ordinary prudence would use for the storage of his own goods.

Appeal from the Circuit Court of Rock Island county; the Hon. Geo. W. Pleasants, Judge, presiding.

The opinion states the case.

Messrs. Glover, Cook & Campbell, for the appellants.

Mr. William H. Gest, for the appellee.

Mr. Justice Lawrence delivered the opinion of the Court:

The appellee purchased a ticket entitling him to passage upon the railroad of appellants from Chicago to Moline, and checked his baggage to the same station.

On arriving at Geneseo, he procured a lay-over ticket, and stopped there from the 13th to the 15th of February.

The baggage was allowed to go on to Moline, arriving at 5.25 P. M. of the 13th, and no one being on hand to receive it, the baggage master of appellants placed it in the depot building, where baggage was ordinarily kept.   He remained in the building until 11:45 P. M., then locked all the doors and fastened all the windows, and left the station, for the night. At 7½ the next morning, he went to the depot and found that burglars had broken into the depot, broken open the trunks, and rifled their contents.   This action was brought against the company to recover the value of the property stolen, and the jury found a verdict for $92.50.   The court instructed the jury as follows:

" The responsibility of the defendant as a common carrier, lasted until the plaintiff's baggage reached Moline, and was delivered to the plaintiff or his authorized agent, or was by the defendant stored in a safe warehouse of itself or some one else.

" If the jury believe, from the evidence, that the goods of the plaintiff were carried to their destination and not then and there delivered to the plaintiff, either by reason of his not being there to receive them, or for other causes, not the fault of the plaintiff, it was then the duty of the defendant to store the goods in a safe warehouse; and if the jury further believe from the evidence, that the defendant retained possession of the goods after so arriving at their destination, then it was in the capacity of warehousemen, or keepers of goods for hire, and as such warehousemen, the defendants were bound to use ordinary diligence in the care of the same.

" Ordinary diligence or care which a warehouseman is bound to use, is that degree of care or attention which, under the actual circumstances, a man of ordinary prudence and discretion would use in reference to the particular goods if they were his own property. "

It is objected that these instructions impose too large a responsibility upon the company, but we can see no objection to them. It certainly would not be contended that a railway company can leave the baggage of its passengers on the platform, utterly uncared for. If the owner of the baggage fails to call for it on the arrival of the train, it is the duty of the company to deposit it in their baggage room, in which event, as in the case of freight, their responsibility becomes that of warehousemen. The baggage room should be reasonably secure.

Objection is taken to the use of the phrase, "safe warehouse," in one of the instructions. But the jury would understand, from all the instructions, that by this phrase was meant, not a warehouse absolutely fire-proof or burglar-proof,

but such an one as a man of ordinary prudence would use for the storage of his own goods.

The evidence discloses great negligence on the part of the company. The baggage was stored in the ordinary waiting room, the windows of which were within four feet of the platform, without blinds, and one large pane of glass, 12 inches by 22 (by removing which the burglar made his entry), was fastened only by tacks, and there was no watchman about the building at night.

*Judgment affirmed.*