## CHICAGO & ALTON R. R. CO.
### v.
### RICHARD ADDIZOAT.

1. BAGGAGE.—COMMON CARRIER.—WHEN RELATION CEASES.—A railroad company is an insurer of the baggage of a passenger so long as the relation of a common carrier exists, and that exists as to such baggage until its arrival and discharge at the place of destination and until the owner has had reasonable time and opportunity to claim and take it away. If it is not called for within such reasonable time, the company may store it in a secure warehouse, and from thence its liability as a carrier ceases and that of warehouseman is assumed.

2. REASONABLE TIME.—The reasonable time within which the owner must apply for his baggage when it is transported by the same train on which he himself travels, is directly after its arrival and transfer to the platform, making due allowance for the confusion occasioned by the arrival and departure of

Chicago & Alton R. R. Co. v. Addizoat.

the train and for the delay necessarily caused by the crowd on the platform.

3. SAME.—A passenger should not prolong the strict and rigid liability of a railroad company as a common carrier longer than is reasonably necessary under the circumstances and exigencies of the particular case, or for any purpose of his own convenience. If a party is informed that his baggage has not arrived on the train he came on and he gives no directions concerning it and no information to identify himself so notice of its arrival can be given, it is his duty to make inquiry for it the first convenient opportunity after the arrival of the next train and within a reasonable time.

APPEAL from the Circuit Court of Will county; the Hon. CHAS. B. BLANCHARD, Judge, presiding. Opinion filed December 4, 1885.

Mr. GEORGE J. HOUSE, for appellant; cited Merchants' Dispatch Trans. Co. v. Hallock, 64 Ill. 284; C. & A. R. R. Co. v. Scott, 42 Ill. 132; Porter v. C. & R. I. R. R. Co. 20 Ill. 407; C., R. I. & P. R. R. Co. v. Fairclough, 52 Ill. 106; C. R. I. & P. R. R. Co. v. Boyce, 73 Ill. 510; 2 Redfield on Railways, Acc. 171, Sub. Sect. 3; Roth v. B. & S. L. R. R. Co. 34 N. Y. 548; L. C. & L. R. R. Co. v. Mahan, 8 Bush. 184; Onimit. v. Henshaw, 35 Vt. 605.

Messrs. WING & GOODSPEED and Mr. WM. MOONEY for appellees; cited C. & R. I. R. R. Co. v. Warren, 16 Ill. 505; C. R. I. & P. R. R. Co. v. Boyce, 73 Ill. 513; Van Horne v. Kernut, 4 E. D. Smith's N. Y. R. 454; Bartholomew v. St. L. J. & C. R. R. Co. 53 Ill. 232; Stevens v. B. & M. R. R. Co., 1 Gray (Mass.), 277.

BAKER, J. The appellee, Richard Addizoat, purchased three tickets entitling him, his wife and children to transportation upon the railroad of appellant, from Chicago to Braidwood, and checked his baggage, consisting of two trunks, to the latter station.

He took passage with his family at 5 o'clock P. M., of August 10, 1882, on what is known as the Joliet and Dwight accommodation train, and arrived at Braidwood at thirty-five minutes after seven the same evening. Upon the arrival of the train he and his family went to the residence of one John

Miles, about four hundred yards from the depot, where they remained that night and the next day. The two trunks arrived at Braidwood on the same train, and were put off on the platform of the depot, from whence they were transferred to the baggage room where they remained until six o'clock in the afternoon of the next day, when both they and the depot were destroyed by fire.

From the time of the arrival of the accommodation train on the evening of the 10th, to the time of the fire, four regular passenger trains on appellant's road had arrived at Braidwood from Chicago; the first at 11:15 P. M., of the 10th, and the others respectively at 2 and 11:15 A. M., and 3:05 P. M., of the 11th. The trunks were not demanded or sent for at any time during the 11th day of August.

The only material fact in the case that is really in controversy, is whether or not appellee, upon the arrival of the accommodation train at 7:35 P. M., of the 10th, called for his baggage.

We can hardly believe from the evidence in the record that the jury affirmatively found, as matter of fact, that there was a demand for the trunks, and especially so, as the instructions did not submit the case specifically upon that ground, but were to the effect the responsibility of the company as a common carrier terminated on the expiration of a reasonable time after the arrival of the baggage, and that "the question of what is a reasonable time must be determined by the jury, in view of all the evidence and the facts and circumstances surrounding the transaction."

Under this instruction the jury probably concluded that, although no demands were made on the 10th, yet, that as matter of fact, a reasonable time in which to call for the trunks had not expired at the time of the burning.

There is no testimony tending to prove the baggage was asked for on the evening of the tenth, except that given by appellee himself, and that is of so contradictory and unsatisfactory a character, that but little reliance can be placed on it. It is in conflict with the evidence of the baggageman, and with his own statements made to Poston shortly after the fire, and

with the inherent probabilities growing out of the circumstances surrounding the transactions. There are also facts in the record tending strongly to prove the trunks were intentionally left at the depot for appellee's own convenience, until such time as he should have made certain contemplated arrangements, and found a place to put them.

A railroad company is an insurer of the baggage of a passenger so long as the relation of a common carrier exists, and that exists as to such luggage until its arrival and discharge at the place of destination, and until the owner has had reasonable time and opportunity to claim and take it away. If it is not called for within such reasonable time, then the company may store it in a secure warehouse, and from thence its liability as a carrier ceases and that of a warehouseman is assumed. C. R. I. & P. R. R. Co. v. Fairclough, 52 Ill. 106; C. R. I. & P. R. R. Co. v. Boyce, 73 Id. 510. In the case last cited, the Supreme Court said: "What constitutes such reasonable time and opportunity is a mixed question of law and fact, depending very much upon the particular facts of each individual case; but when the facts are undisputed it is purely a question of law."

We understand the rule of law to be that the reasonable time, within which the owner must apply for his baggage, when it is transported by the same train on which he himself travels, is directly after its arrival and transfer to the platform, making due allowance for the confusion occasioned by the arrival and departure of the train, and for the delay necessarily caused by the crowd on the platform. C. R. I. & P. R. R. Co. v. Boyce, *supra;* Onimit v. Henshaw et al., 35 Vt. 605; Roth v. B. & S. L. R. R. Co., 34 N. Y. 548; L. C. & L. R. R. Co. v. Mahan, 8 Bush. 184; Bansemer v. T. & W. Ry. Co., 25 Inda. 435; Porter v. C. & R. I. R. R. Co., 20 Ill 407; Richards v. Railroad Company, Idem, 407.

Our conclusion is, that if appellee did not claim his trunks on the evening of the tenth of August, and they were placed in a secure baggage-room, then the company ceased to hold them as a common carrier, but held them only as a warehouseman, and is not liable in this action, which is based solely on the liability of a carrier.

Upon the theory that appellee is correct in his statements with reference to the transaction, and that he called for his baggage immediately after the arrival and departure of the accommodation train, the case presented is of somewhat more difficulty.

He states the answer of the baggage-man to his demand was, that the trunks were not there. The natural and reasonable, conclusion from the answer and the circumstances would be that there had been some failure to place them on the train in Chicago, and that they would be transported to the place of destination by the next regular passenger train from Chicago, which would be at 11:15 P. M.

As the case stood upon the answer of the baggage-man, the failure or false admission of failure of the company to comply with its duty to bring the luggage by the Joliet and Dwight accommodation, would excuse appellees from remaining at, or returning to the depot, at a late hour of the night, and from dancing attendance upon the train due at two o'clock in the morning. But a passenger ought not to prolong the strict and rigid liability of a railroad company as a common carrier longer than is reasonably necessary ι nder the circumstances and exigencies of the particular case ; or for any purposes of his own convenience. Even if appellee was informed that the baggage had not arrived, yet as he gave no directions concerning it, and no information to identify himself, so notice of its arrival could l e given, it was his plain duty to have made inquiry for it the first convenient opportunity after the arrival of the next train, and within a reasonable time. He did not do this, and his conduct was unreasonable, and justifies the conclusion the trunks were left either for h's own accommodation, or from such a degree of negligence as shou'd preclude him from a recovery in the absence of negligence on the part of the company that would render it liable as a warehouseman. Stevens v. Boston & Maine Railroad, 1 Gray, 277, cited by appellee, we do not regard as in point, as it differs in several of its material circumstances from the facts claimed to exist in this case ; there the goods were demanded in the afternoon, and not being delivered, were burned the night following, so there was no reasonable time and opportunity for a second demand;

Chicago & Alton R. R. Co. v. Addizoat.

besides, the m'stake being discovered in ten or f'fte n minutes, no message was sent to the consignees, who w re well known, and moreover the answer to the tr..ckman asking for them was that the goo ls had already been delivered to some other truckman and were not there, which precluded the idea there was any understanding they were to be ca''ed for again.

It is urged that the baggage-man, by the false statement the luggage was not there, and his negligence in not making a right and true delivery when demand was made, continued the liability of the company as a common carrier until a reasonable time after the mistake or falsehood should be corrected by giving the owner notice of the receipt of the property at its place of destination.

This might be so, if the company had or was given such information as would enable it to make the notification; but the evidence shows the baggage-man did not know appellee, and was not notified either of the name of the appellee or where he might be found.

The law is not so unreasonable as to require an impossibility of any one. Upon the theory of appellee's account of the transaction, the plain intendment from all that transpired would be that he would call again for the trunks, and that no notice was expected or desired.

We think the verdict of the jury against the law and the evidence, and think it was error to refuse the motion for a new trial.

In any view that can be taken of the evidence, appellee has no cause of action ; and the judgment is therefore reversed.

Reversed.