# Van Horne, to use of Assignees of Delamater & Co., Appellant, *v.* Dick.

*Surety—Discharge—Agreement to give time.*

An agreement to give time to the principal debtor, without the consent of the surety, discharges the latter from liability.    Staying execution for a stipulated time, upon the strength of another's guaranty of debt, interest and costs, which the guarantor afterwards pays, is such an agreement, and the guarantor cannot thereafter recover from the surety in the name of the original creditor.

*Assignments of error—Quoting evidence.*

An assignment of error to the admission in evidence of a question which does not quote the answer to the question, is bad.

*Error in admission of evidence cured.*

The error of the court in permitting a witness to testify as to the existence of a paper is cured by its subsequent production and admission in evidence.

Argued April 28, 1892.    Appeal, No. 458, Jan. T., 1892, by use plaintiffs, the assignees of Delamater & Co., from judgment of C. P. Crawford Co., Feb. T., 1886, No. 20, on verdict for defendant, S. B. Dick.    Before STERRETT, GREEN, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Debt against surety on bond.

The evidence at the trial, before MEHARD, P. J., of the 35th judicial district, specially presiding, was to the effect that Van Horne, the use plaintiff, had obtained judgment against the Meadville Railroad Company for land taken, after the entry of a bond wherein G. W. Delamater and S. B. Dick were sureties.    In October, 1883, he issued execution and levied on the company's property, but stayed the same upon strength of a paper executed by Delamater and Richmond, wherein they guaranteed him the payment of debt, interest and costs, within thirty days after the sale of the company's franchises, etc., under foreclosure proceedings then pending.    Delamater & Co. afterwards paid Van Horne and took an assignment of the judgment, and their assignees sought to enforce the payment of defendant's bond given to Van Horne upon the original taking of the land.

The court permitted defendant's counsel to ask Geo. W. De-

lamater, a witness for plaintiff, if he and Richmond had given plaintiff a written guaranty—under objection to the form of the question as it assumes the fact of the contents of the paper. [1]

When the guaranty was produced, it was admitted in evidence, under objection. [2]

The court charged in part as follows: " But there is another defence, one of fact, which is relied upon by the defendant, and that is this, that after this judgment had been recovered against the railroad company, the plaintiff, Thomas Van Horne, caused execution to be issued, and upon that execution levy was made on the property and franchises of the railroad company; and while that execution was pending the plaintiff's attorney was approached by Mr. G. W. Delamater and Mr. H. L. Richmond and was besought to stay the writ and give time to the company, and that this resulted in an agreement upon the part of Senator Delamater and Mr. H. L. Richmond to guarantee the payment within thirty days after the sale of the road by the trustee if the plaintiff would stay the writ until that time. There was a paper prepared to that effect, and a written guaranty embodying those terms signed and duly executed by Senator Delamater and H. L. Richmond, and this was delivered to the attorney of Thomas Van Horne. It was acted upon by both parties. [3] . . . .

" Now, I do not understand, gentlemen of the jury, that there is any dispute as to the facts relating to this paper. There is no dispute, as I understand the parties, that this paper was executed, and that the agreement was made that the plaintiff would accept this paper, and as a consideration for it would wait until thirty days after the road should be sold. Now, gentlemen of the jury, the question is raised was this a binding agreement so far as Thomas Van Horne is concerned? [4] . . . .

" Now, gentlemen of the jury, the plaintiff in this case is Thomas Van Horne, and the use plaintiffs, Delamater & Co., have no more rights here than Thomas Van Horne had on the day he assigned to them this judgment. Now, if Thomas Van Horne were here personally present in court, and there had been no assignment of this judgment at all, but were suing in his own right, it would, I think, to all of us seem very plain that it would be unconscionable for him to say, after both par-

ties had acted on this, that he was not bound by it, and, therefore, he could not be injured by it. And we say, therefore, that there was in this a ratification of this agreement made between Cornelius Van Horne, the plaintiff's attorney, and Senator Delamater and H. L. Richmond, and that it was in other words a valid agreement. [5] . . . .

" The rule of law is that the burden of proof is upon the plaintiff. That is to say, that the plaintiff must show the facts essential to his recovery by a preponderance of evidence. The plaintiff has made out his case in chief by evidence which is uncontradicted. The defendant, on the other hand, has made out a prima facie defence by evidence which is uncontradicted. That is to say, the agreement being made for an extension of time, and a written guaranty being given as a consideration for a valid agreement on the part of Thomas Van Horne. The reply that is made to that is that Col. Dick consented to that agreement." [6]

Plaintiff's 2d point was as follows :

" 2d. Even though the jury should find that a valid extension of time was granted by the paper of October 30, 1883, yet, should the jury further find from the evidence that the said surety, S. B. Dick, was cognizant of the fact at the time and acquiesced therein, then the plaintiffs have a right to recover and the verdict of the jury must be for the proportionate part of the said bond. *Answer :* This point is affirmed, that is to say, the contract to extend the time would not be a defence to the claim if Col. Dick was given assent or consenting to it."

Verdict and judgment for defendant. Plaintiffs appealed.

*Errors assigned* were (1, 2) rulings on evidence, quoting question but omitting answer; and (3–6) instructions, quoting charge.

*Thomas Roddy,* for appellants.—Nothing short of an agreement to give time to the principal debtor would discharge the surety ; mere forbearance will not so operate : Brubaker v. Okeson, 36 Pa. 519 ; Cope v. Smith, 8 S. & R. 113 ; Miller v. Stem, 2 Pa. 286 ; U. S. v. Simpson, 3 P. & W. 437.

*Pearson Church,* for appellee.—Van Horne, by giving up his means of recovery against the debtor, and looking to the guarantors, lost his rights against the sureties : Templeton v. Shak-

ley, 107 Pa. 370; Hutchinson v. Woodwell, 107 Pa. 509; Neff's Ap., 9 W. & S. 36; and by giving the debtor time, discharged them: Boschert v. Brown, 72 Pa. 372; Clippinger v. Crepps, 2 Watts, 45; Stephens v. Bank, 88 Pa. 157.

OPINION BY MR. JUSTICE STERRETT, October 3, 1892.

It cannot be doubted that the uncontradicted evidence in chief of the beneficial plaintiffs made out a prima facie case against the defendant as one of the sureties of the Meadville Railway Company. Defendant's contention was that he was released from that liability by an agreement to give further time to the company for the payment of its debt to Thomas Van Horne, the legal plaintiff, and that the latter assented to and carried out said agreement.

The agreement was evidenced by the obligation, dated October 31, 1883, executed by H. L. Richmond and G. W. Delamater, wherein they guaranteed to said Van Horne the payment in full of his judgment against said Railway Company, debt, interest and costs ($706.53), "within thirty days after the sale of the property, rights and franchises of the above named defendant Railway Company shall have taken place under and by virtue of the mortgage," etc.

There was no dispute as to the execution of this paper, nor that it was agreed that Van Horne would accept it, and, in consideration thereof, would wait until thirty days after the road should be sold; nor was there any question that Van Horne's writ was stayed, the agreed time actually given, and that, in pursuance of the obligation, the money was paid to Van Horne by G. W. Delamater for Delamater & Co., to whom the judgment was assigned. The undisputed evidence shows conclusively that there was an executed agreement to give time to the principal debtor, and by necessary implication the verdict establishes the fact that this was done without the consent of defendant, one of the sureties of the Railway Company, defendant in the judgment. In affirming plaintiff's second point, the learned judge expressly instructed the jury that the contract to extend time would not be a defence, if Mr. Dick the present defendant assented thereto.

An examination of the record satisfies us that the instructions recited in the 3d, to 6th, specifications inclusive, were warranted by the evidence.

The first specification is not according to rule, in that it does not show any answer to the question objected to. But, assuming that an affirmative answer was given, the error, if any, in permitting the witness to testify as to the existence of the paper, was cured by its subsequent production and admission in evidence.

The paper referred to was the corner stone of the defence. There was no question as to its execution, nor as to the fact that it was subsequently acted upon by the plaintiff in the judgment to which it relates. It was therefore properly admitted in evidence.

We find nothing in either of the specifications of error that requires a reversal of the judgment.

Judgment affirmed.