## William Long, Appellant, v. David A. Shull, J. S. Hoy and Robison John.

*Practice, Superior Court—Appeals—Binding instructions—Absence of charge and evidence.*

The court below having refused the plaintiff's points and having given binding instructions for the defendant, such action cannot be reviewed when neither the general charge nor the evidence given below have been brought up with the record.

Argued April 19, 1898. Appeal, No. 10, April T., 1898, by plaintiff, from judgment of C. P. Greene Co., April T., 1892,

No. 23, on verdict for defendants.    Before RICE, P. J., WICK-HAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Assumpsit.    Before CRAWFORD, P. J.

It appears from the record that a judgment note for $300 given by the defendants to the plaintiff having been entered up, proceedings were had upon motion and defendants let into a defense.    It also appears from appellant's paper-book that no official charge was ever filed nor was the evidence brought up with the record.

Verdict and judgment for defendants.    Plaintiff appealed.

*Errors assigned* were to the refusal of plaintiff's points, which points were based upon the evidence.

*Jas. E. Sayers*, for appellant.

*A. F. Silveus*, with him *F. W. Downey*, for appellees.

PER CURIAM, July 29, 1898:

The assignments of error are to the refusal of the plaintiff's points and the affirmance of the defendants' point that under all the evidence the verdict should be for the defendants.    Unfortunately, and without fault of the appellant's counsel, neither the general charge of the court nor the evidence given on the trial has been brought up with the record, and without the latter it is impossible for us to determine whether the points were correctly answered or not.    We may remark, however, that if, as stated by the trial judge in his opinion discharging the rule for new trial, " the facts proven on the trial were substantially the same as set out in the petition opening judgment," the court committed no error in holding that the case fairly came within the principle upon which Van Horne v. Dick, 151 Pa. 341, was ruled.    In this view the principal debtor was not an entire stranger to the transaction in which the plaintiff bound himself not to proceed on the note during the period given the Shulls for the repurchase or redemption of the property.    It is evident however that the appellant's counsel is not willing to concede that the facts assumed in the foregoing conclusion were

fully established on the trial, and without an agreement as to what the evidence was we cannot be expected to express a more decided opinion upon the question sought to be raised.

Finding no error in the record as sent up to us the judgment is affirmed.