# Dietrich *v.* Farmers Union Mutual Fire Insurance Company, Appellant.

*Appeals—Assignments of error—Charge.*

Where no exception has been taken to the charge of the court, or to the refusal of defendant's point, or to an order discharging a rule for judgment non obstante veredicto, nor any question of law reserved at the trial, and the record shows that the evidence was not certified by the judge and filed, assignments of error based upon refusal of defendant's points will not be considered.

The facts recited in the opinion of the court discharging a rule for judgment non obstante veredicto, cannot take the place of evidence not brought upon the record by proper certificate or exceptions.

Argued Nov. 13, 1906. Appeal, No. 10, Oct. T., 1906, by defendant, from judgment of C. P. Berks Co., June T., 1903, No. 30, on verdict for plaintiff in case of Wallace A. Dietrich v. The Farmers Union Mutual Fire Insurance Company. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Appeal quashed.

Motion to quash appeal.

The grounds for the motion are stated in the opinion of the Superior Court.

The assignments of error as amended were as follows:

1. The court erred in declining defendant's first point as follows: " It being admitted that the appraisers made an award of $450, and that in that award they included an item of $250 on negatives, the jury will have to deduct that amount from the amount of the award for the reason that negatives come under the head of "implements, models, patterns, pictures, scientific apparatus, tools or property held on storage," which are specifically excluded from insurance by the terms of the policy, unless specifically included, which was not the case in the policy upon which the suit is brought.

2. The court erred in declining the defendant's second point, which was " the policy insures only the property of the plaintiff. Photographic negatives being paid for by the subjects are the property of the subjects, and held by the photographer on storage for the production of future photographs, and any insurance on negatives cannot be recovered in this action because under the terms of the policy goods held on storage are not included."

3. The court erred in discharging the rule to show cause why judgment n. o. v. should not be entered for plaintiff for $229.62.

4. The court erred in directing judgment to be entered on the verdict for $526.50 with interest from September 21, 1905.

*E. Carroll Schaeffer*, with him *Samuel J. Kistler*, for appellant.

*W. B. Bechtel*, of *Bechtel & Shalters*, for appellee.

PER CURIAM, December 10, 1906:

The record shows that the jury rendered a verdict for plaintiff for $526.50, that on the same day a rule was entered to show cause why a judgment should not be entered for the plaintiff for $229.62, non obstante veredicto, that later the rule was discharged and judgment entered on the verdict. This was the state of the record at the time this appeal was taken, and the paper-books served. No exception was taken to the general charge of the court, or to the refusal of the defendant's points, or to the order discharging the rule to show cause

above referred to ; nor was any question of law reserved at the trial. Further, the evidence adduced at the trial was not certified by the judge and filed in the court below ; it certainly has not been brought up with the record and printed. It is plain, therefore, that the first two amended assignments of error, which relate to the refusal of the defendant's points for charge, must be dismissed : Long v. Shull, 7 Pa. Superior Ct. 476. But it is claimed that the facts recited in the opinion of the court discharging the rule to show cause were brought upon the record by the bill of exceptions, which was sealed months after this appeal was taken, and therefore the court's refusal to enter judgment non obstante veredicto for $229.62 instead of $526.50, the amount of the verdict, is properly before us for review. This contention could not have been sustained prior to the Act of April 22, 1905, P. L. 286, nor can it be under that act. The recital of facts in the judge's opinion cannot take the place of the evidence. The words of the statute are so plain that discussion of this point would be superfluous. Passing the objections to the noncompliance with our rules in the preparation of the paper-book—these having been removed by amendment—the substantial reasons why the appellant is not in position to have the case reviewed upon the merits have been sufficiently indicated in the foregoing remarks.

The appellee's motion is allowed, and the appeal is quashed.