## B. F. Lee Company *v.* Sherman, Appellant (No. 1).

*Appeals—Assignments of error—Nonsuit—Answer to point—Motion for judgment n. o. v.*

1. The refusal of a compulsory nonsuit cannot be assigned for error.

2. An assignment of error will not be considered which does not quote the judge's answer to a point totidem verbis, although it contains the point.

3. When the refusal of a motion for judgment n. o. v. is assigned as error, the motion must be printed in full, and the answer of the court should also be quoted and printed with the motion.

4. The action of the court in refusing a motion for judgment n. o. v. cannot be assigned for error where no exception has been asked for and obtained to such ruling.

*Mechanic's lien—Delivery of material—Diversion of material.*

5. Where a material man delivers to an owner material for a particular house, he cannot be deprived of his right to a mechanic's lien against such house, because the owner has diverted the material to another building.

Argued April 13, 1910. Appeal, No. 7, April T., 1910, by defendants, from judgment of C. P. No. 2, Allegheny Co., Jan. T., 1906, No. 85, on verdict for plaintiff in case of B. F. Lee Company v. George W. Sherman, with notice to Jacob Weinman, Jr., and Joshua Weinman, terretenants, and all other persons in possession. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Scire facias sur mechanic's lien. Before HAYMAKER, J.

Verdict and judgment for plaintiff for $498.93. Defendants appealed.

*Errors assigned* were in the following form:

The appellants in this case, the defendants below, by their attorneys, Brown & Stewart, assign as errors to the judgment of said common pleas in said case as follows:

1. The court erred in overruling the plaintiff's motion for a compulsory nonsuit upon the trial of said case.

558 B. F. LEE CO. v. SHERMAN, Appellant (NO. 1).

Assignment of Errors—Opinion of the Court. [43 Pa. Superior Ct.

2. The court erred in refusing to instruct the jury as requested by the defendants, on the trial of said case, that the verdict of the jury must be for the defendants.

3. The court erred in instructing the jury in the judge's general charge, using the following language: "If the plaintiff in this case delivered to the defendant the materials spoken of as having been delivered on the 9th and 13th of May, for these two particular houses, it would not, of course, make any difference in the plaintiff's right to recover if the defendant diverted that property to some other building. That is, if the plaintiff delivered it to the defendant they were not bound to follow it to the house or stay there and see that it actually was put into the houses and used in these particular houses. If the defendant used it for some other purpose, or diverted it, the plaintiff would have a right to recover, notwithstanding that the property did not go into the house for which he had delivered it to the defendant."

4. The court erred in refusing the defendants' motion for judgment for the defendants non obstante veredicto.

*Brown & Stewart*, for appellants.

*W. S. Dalzell*, of *Dalzell, Fisher & Hawkins*, with him *Herriott & Morgan*, for appellee.

OPINION BY MORRISON, J., July 20, 1910:

This case, No. 7, April Term, 1910, and No. 8, same term and year, were sci. fa. sur mechanics' liens, and the cases being precisely alike, were tried together in the lower court and argued together here. This opinion will be filed in No. 7, but what is said in it will apply to the other case at No. 8, and in the latter case we will simply file a short order disposing of the specifications of error and of the judgment. In both cases there were verdicts in favor of plaintiff for fixed sums of money and judgments having been entered thereon, the defendants appealed.

The first specification of error is, "The court erred in

overruling the plaintiff's motion for a compulsory non-suit upon the trial of said case." This specification is bad as is shown by a vast number of cases in both of our appellate courts. See Rockwell v. Eldred Borough, 7 Pa. Superior Ct. 95; Reece v. Rodgers, 40 Pa. Superior Ct. 171. In the Eldred Borough case we said: "Neither the entry nor the refusal of a compulsory nonsuit can be assigned for error; a refusal to take it off is the only action respecting it which can be reviewed. This has been decided so often that citation of authorities is unnecessary."

The second specification of error offends against our rule XV, which reads: "Where error is to the charge of the court, or to answers to points or to findings of fact or law, the part of the charge or the points and answers or findings referred to must be quoted totidem verbis in the assignment." This specification does not quote the point nor the answer, but merely gives the counsel's conclusion as to what was done by the court. See Ewing v. Cottman, 9 Pa. Superior Ct. 444; and Crawford & Moyes v. McKinney, 165 Pa. 605. "An assignment of error will not be considered which does not quote the judge's answer to a point totidem verbis, although it contains the point:" Hall v. Phillips, 164 Pa. 494.

The third specification cannot be sustained for the reason that it, in our opinion, complains of a correct statement of the law. In support of this we need only refer to the last sentence of sec. 3 of the mechanic's lien Law of June 4, 1901, P. L. 431 (see p. 433): "Materials placed on or near the curtilage appurtenant to the structure or other improvement, or delivered to the owner or contractor for use therein, shall be presumed to have been used therein." We think the record contains sufficient evidence to warrant the trial judge in submitting to the jury the question of whether or not the materials for which the liens were filed were delivered to the defendants as averred by the plaintiff. And that question was fairly and adequately left to the jury.

The fourth and last specification is, "The court erred in refusing the defendants' motion for judgment for the defendants non obstante veredicto." This specification is bad as the motion ought to have been printed in full, and what the court said in disposing of it should also have been quoted and printed with the motion. This is not done and we are not even referred to where the motion and the order of the court thereon can be found. But there is another reason why we cannot consider this assignment. In International Savings & Trust Co. v. Printz, 37 Pa. Superior Ct. 134, we held that under the Act of April 22, 1905, P. L. 286, the parties asking for a judgment non obstante veredicto and failing to secure it, must ask for and obtain an exception, otherwise an appeal from the action of the court will be quashed; that the court is not required to grant an exception and place it in the record unless it is asked for by the losing party. This undoubtedly means that the losing party should ask for the exception at the time the decree is filed or with reasonable promptness thereafter. See McGinnis v. St. Paul Fire, etc., Ins. Co., 38 Pa. Superior Ct. 390.

Having concluded to overrule all of the specifications of error, we are not called upon to consider several matters discussed in the appellant's argument but which are not properly raised for our consideration.

The specifications of error are all overruled and the judgment is affirmed.