# Merritt, Appellant, *v.* Lehigh Valley Railroad Company.

*Railroads—Carriers—Baggage—Warehousemen.*

1. Where a traveling salesman checks on a mileage book two trunks containing samples belonging to his employer, without stating to the baggage agent the contents or ownership of the trunks, and leaves on the same train with the trunks, departing about six o'clock of a summer evening, and stops over at an intermediate station for the night, and the trunks arrive at their destination at seven o'clock that evening, and not being called for, are placed in the baggage room where they are destroyed at three o'clock in the morning by fire which burned the station, the railroad company will not be liable for the loss because (1) its liability as a carrier ceased when the trunks were placed in the baggage room; (2) because it was not liable for merchandise carried as baggage, and (3) because it was not liable for the loss of property other than that of a passenger.

2. In such a case the fact that the salesman paid a small amount for the excess weight of the trunks is immaterial.

*Practice, C. P.—Judgment n. o. v.—Failure to take exception—Act of April 22, 1905, P. L. 286.*

3. Where there is no exception to a judgment non obstante veredicto,

and the only assignment of error is to the action of the court in that respect, the appeal may be quashed. The court is not required to grant an exception and place it in the record unless it is asked for by the losing party.

Argued Oct. 16, 1911. Appeal, No. 73, Oct. T., 1911, by plaintiff, from order of C. P. Wyoming Co., June T., 1903, No. 55, entering judgment for defendant n. o. v. in case of Merritt, Elliott & Company v. Lehigh Valley Railroad Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Trespass to recover for the loss of two trunks and their contents. Before STAPLES, P. J., specially presiding.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $509.12., Subsequently the court entered judgment for defendant n. o. v.

*Error assigned* was in entering judgment for defendant n. o. v.

*H. S. Harding,* for appellant.—A passenger must be allowed a reasonable time after the arrival of his baggage to call for and take it away: Moyer v. R. R. Co., 31 Pa. Superior Ct. 559; Frank v. R. R. Co., 9 Pa. Superior Ct. 129.

*P. F. O'Neill,* with him *James L. Morris* and *F. W. Wheaton,* for appellee.—There was no obligation on the part of the railroad company to carry merchandise as baggage: Hannibal R. R. Co. v. Swift, 79 U. S. 262; Jacobs v. R. R. Co., 19 Pa. Superior Ct. 13; Bullard v. R. R. Co., 21 Pa. Superior Ct. 583; Alling v. R. R. Co., 126 Mass. 121.

There is no obligation on the part of the carrier to carry the baggage of any other than the person who is riding on the ticket: Bullard v. R. R. Co., 21 Pa. Superior Ct. 583.

The railroad company made no express contract to carry the trunks and their contents as baggage for the appellants: Blumantle v. R. R. Co., 127 Mass. 322.

Even if it had been shown that the trunks were expressly received as merchandise to be carried as such for the rate or price established for the carriage of merchandise between the points of shipment and destination, the railroad company's responsibility as a carrier ended when the trunks arrived at Laceyville and were deposited in the baggage room.   Thereafter the railroad company held them, not as a common carrier, but as a warehouseman: McCarty v. R. R. Co., 30 Pa. 247; Moyer v. R. R. Co., 31 Pa. Superior Ct. 559; Clark v. R. R. Co., 139 Mass. 423 (1 N. E. Repr. 128); Roth v. R. R. Co., 34 N. Y. 548; Chicago, Rock Island & Pac. R. R. Co. v. Fairclough, 52 Ill. 106.

OPINION BY MORRISON, J., March 1, 1912:

This was an action of trespass brought to recover the value of two large trunks containing sample merchandise, and the court below submitted the case to the jury and there was a verdict in favor of plaintiff of $509.12.   At the trial the defendant asked for a binding instruction, which request was refused, and after verdict the defendant's counsel moved the court for judgment non obstante veredicto, which was granted, and the plaintiff appealed and in a single assignment of error complains that the court erred in granting such judgment.

The facts developed at the trial, which are undisputed, disclosed that L. E. Hewitt, a traveling salesman employed by the appellants, went to the appellee's passenger station at Tunkhannock some time before six o'clock in the afternoon of September 2, 1902.   He had with him two large trunks which he requested to have checked to Laceyville, exhibiting at the same time a mileage book as the transportation he had purchased.   The trunks were found to be overweight and an excess baggage rate of thirty cents was demanded from and paid by Hewitt. The appellee's baggage master at Tunkhannock was acquainted with Hewitt and knew that he was a traveling salesman, but did not inquire, nor did Hewitt tell him what

the trunks contained, or by whom the same and their contents were owned.  It is now conceded that the trunks contained no personal effects or clothing of Hewitt, but consisted wholly of sample shoes designed for the purpose of effecting sales of similar goods; and that both the trunks and their contents were the exclusive property of the appellants.

The trunks were placed aboard a passenger train leaving Tunkhannock near six o'clock the same afternoon and they arrived safely at Laceyville not later than seven o'clock of the same evening.  Upon their arrival at the latter place the trunks were removed from the train by the appellee's employees and deposited in the company's baggage room at that place to await Hewitt's convenience in calling or sending for them.  Hewitt left Tunkhannock on the train which carried the trunks, but, without previously revealing any intention to do so to anyone representing the appellee, he stopped overnight en route at his home in Meshoppen, an intermediate station, and did not call or send for the trunks until the following morning between nine and ten o'clock.  In the meantime, at about three o'clock of the same morning, the appellee's station and baggage room at Laceyville were entirely destroyed by fire, together with their contents, including the trunks.  The appellee had men in charge of the station and baggage room at Laceyville both day and night, and the trunks were at all times, following their arrival at that point, and until the time of the fire, ready and accessible for delivery to anyone presenting himself and having a right to receive them.  At the trial no attempt was made to allege or prove that the burning of the station and baggage room was in any way due to negligence on the part of the appellee.

At the trial of the case there was a dispute in the evidence as to whether the trunks left Tunkhannock at about three o'clock in the afternoon of September 2, 1902, or at about six o'clock of the same evening.  The learned court below, then considering this an important question of

fact, instructed the jury to find from the disputed evidence at which of the said times the trunks were shipped from Tunkhannock, and further plainly instructed the jury that if they were transported on the three o'clock train and arrived at Laceyville in due course, the appellee's agent ought to have called for the trunks that evening, and in that case the verdict should be for the defendant; "if however you find that these trunks were not shipped until about six o'clock, we say you should find in favor of the plaintiff, and as to the measure of damages we will instruct you later." In finding for the plaintiff the jury evidently found that the trunks were shipped on the six o'clock train.

The important question in this case is, were the trunks held by the appellee at Laceyville at the time of the fire as a common warehouseman and not as a common carrier?

Inasmuch as it is conceded that the loss to the appellant occurred without negligence on the part of appellee, there could be no recovery, if the appellants should have removed the trunks on the evening of September 2, 1902, or the morning of September 3, 1902, before the fire. It is conceded that the trunks arrived at Laceyville prior to seven o'clock in the evening and the court below, on the motion for judgment non obstante veredicto, reached the conclusion that the appellants did not call for the same within a reasonable time, and, therefore, the appellee had ceased to be liable for the trunks and their contents as a common carrier, and, therefore, the court entered judgment in favor of the defendant. In our opinion the learned court below reached the correct conclusion. It is too plain to require argument that Hewitt shipped the trunks from Tunkhannock to Laceyville intending to have them stored at the latter place until the next morning at about nine o'clock. It is perfectly clear and conceded that when he checked the trunks from Tunkhannock to Laceyville he only intended to go himself to Meshoppen, and therefore we draw the irresistible inference that

he intended to have the appellee take care of his trunks as a warehouseman from about seven o'clock in the evening until he should arrive at Laceyville at about nine o'clock the next morning.   If he had checked his trunks to Meshoppen and they had been taken care of by him at that point, they would not have been destroyed by fire.   So also if he had gone on the same train with the trunks to Laceyville and had removed them on the evening of September 2, which would have been the reasonable thing to have done, they would not have been destroyed   . by the fire.   The appellee was not charged with any negligence.   Why then, should it suffer for what was caused by the negligent act of appellant's own agent?

In our opinion the learned court gives sufficient reasons and authorities in the opinion granting judgment non obstante veredicto for defendant to sustain that judgment. But in addition to what is said in that opinion we suggest that there was no obligation on the part of the appellee to carry merchandise as baggage.   The general rule is that the contract to carry the person only implies an undertaking to transport such a limited quantity of articles as are ordinarily taken by travelers for their personal use and convenience: Hannibal & St. Joseph R. R. Co. v. Swift, 79 U. S. 262 (12 Wall. 262; 20 L. ed. 423).   The Act of April 11, 1867, P. L. 69, provides: "Each passenger upon a railroad, shall have the right to have carried, in the car, or place, provided for that purpose, in the train in which he, or she, may be a passenger, his, or her, personal clothing, not exceeding, inclusive of the trunk, or box, in which it may be contained, one hundred pounds in weight, or three hundred dollars in value."   "Baggage is defined as such articles of necessary personal convenience as are usually carried by passengers for their personal use, and not merchandise or other valuables, although carried in trunks by passengers, which are not designed for any such use, but for other purposes, such as sale or the like:"  Story on Bailments, sec. 499.   See also Bullard v. Railroad Co., 21 Pa. Superior Ct. 583;

also 3 Am. & Eng. Ency. of Law (2d ed.), 529. "Samples carried by a passenger in his trunk, with a view to enabling him to make sales of goods similar to the samples carried, are more properly mere merchandise, and are not to be included within the term 'baggage'; the fact that they are necessary to the object of the passenger's journey does not affect the rule:" 3 Am. & Eng. Ency. of Law (2d ed.), 533. "A passenger cannot include in his baggage the property of other persons; he is entitled to carry with him and recover for the loss of only such articles as are carried for his own personal comfort and convenience; as to such property of other persons, the carrier is liable only as a gratuitous bailee:" 3 Am. & Eng. Ency. of Law (2d ed.), 533.

We call attention to these authorities for the reason that the contents of the destroyed trunks was merchandise and not personal baggage and there was no contract, either express or implied, on the part of the appellee to check trunks full of merchandise and transport and take care of it without consideration, except the supposition that Hewitt was to be a passenger on the train. The payment of thirty cents for the excess of weight of the trunks does not change the rule, because it was not claimed and not proved that the appellee's agent did anything more than check Hewitt's baggage and charge him for the extra weight. But, even if the appellee had received the trunks as merchandise to be carried as such between the points of shipment and destination, the appellee's responsibility as a carrier ended when the trunks arrived at Laceyville and were deposited in the baggage room. Thereafter the railroad company held them not as a common carrier but as a warehouseman: McCarty et al. v. N. Y. & Erie R. R. Co., 30 Pa. 247. "A warehouseman is liable only for negligence in preserving the property deposited with him:" McCarty et al. v. N. Y. & Erie R. R. Co., 30 Pa. 247. See also Moyer v. P. R. R. Co., 31 Pa. Superior Ct. 559.

In the present case the trunks came to Laceyville in daylight on September 2, 1902, and a reasonable time for

the removal required the appellants to have taken charge of them on that evening; otherwise they remained with the appellee as a warehouseman. In Clark v. Eastern Railroad Co., 139 Mass. 423, the passenger arrived at Salem at about six o'clock P. M. and not finding the kind of conveyance necessary to carry the trunks to the hotel, they were left at the station and placed in the baggage room. That night there was a fire in the baggage room of the station. Clark brought suit against the railroad company for the destruction of his goods. The goods were at the time in charge of Nicholson, a commercial traveler for Clark. Binding instructions for defendant upon plaintiff's failure to show negligence as to the fire. Affirmed by the Supreme Court.

In Roth v. Buffalo, etc., R. R. Co., 34 N. Y. 548, the passenger arrived at his destination at ten o'clock at night, and went to a hotel without inquiring for or demanding his trunks, and during the night the trunks were accidentally destroyed by fire. It was held that the company was not liable. In Chicago, Rock Island & Pac. R. R. Co. v. Boyce, 73 Ill. 510, the passenger stopped over before reaching his destination. His trunks arrived October 7, and were destroyed in the baggage room October 8, by an accidental fire. Held, that the company was not liable, and that reasonable time for removal meant reasonable time after the arrival of the trunks, and not reasonable time after the arrival of the passenger who had stopped over, even though he was authorized to stop over by the customs of the road.

In Chicago, Rock Island & Pac. R. R. Co. v. Fairclough, 52 Ill. 106, it was held that, "If the owner of the baggage fails to call for it on the arrival of the train, it is the duty of the company to deposit it in the baggage room, in which event, as in the case of freight, their responsibility becomes that of warehouseman." We are without doubt that the learned court was right in entering judgment for the defendant non obstante veredicto.

But we might have disposed of this case by quashing

the appeal, for the reason that the record fails to show an exception to the entry of the judgment non obstante veredicto in accordance with the Act of April 22, 1905, P. L. 286. It is true that appellee's counsel filed no formal motion to quash the appeal, and for that reason we concluded to consider it upon its merits. However, the learned counsel for appellee, at the commencement of his argument, raised this question and called our attention to the fact that no exception was taken or allowed to the order of the court below entering judgment non obstante veredicto. This judgment was granted on March 8, 1911, and we find in the appearance docket entries the following: "March 28, 1911. Exception allowed to plaintiff by the court." This exception follows an order of March 8, 1911, discharging rule to show cause why new trial in above case should not be granted. The said exception was granted after the judgment non obstante veredicto was entered and there is nothing in the record connecting said exception with the latter judgment. In view of the very plain provision of the Act of April 22, 1905, P. L. 286, in regard to the necessity of an exception to the entry of judgment non obstante veredicto and our own decisions on that point, we do not see how we could have avoided quashing this appeal if a motion had been made and pressed to that end. The act of assembly provides: "And to enter such judgment as should have been entered upon that evidence, at the same time granting to the party against whom the decision is rendered an exception to the action of the court in that regard." There is nothing in this record to show that the court granted an exception "in that regard." We have frequently decided that the court is not required to grant an exception and place it in the record unless it is asked for by the losing party. We have also decided repeatedly that where there is no exception to a judgment non obstante veredicto and the only assignment of error is to the action of the court in that respect, the appeal will be quashed: Dietrich v. Insurance Co., 32 Pa. Superior Ct. 234; McGinnis v. Fire Insurance Co., 38 Pa. Superior

Ct. 390; B. F. Lee Co. v. Sherman, 43 Pa. Superior Ct. 557.

If the appellant's counsel meant to except to the entry of the judgment non obstante veredicto, he ought to have made his exception apply to that action of the court and it would be good practice to quote the exception in' the assignment of error. However, we have not seen fit in the present case to quash the appeal on our own motion which might have been done.

The assignment of error is dismissed and the judgment is affirmed.