## Carl C. Bullock v. Ada Adair.

1. INN KEEPERS—*A European Hotel May be an Inn.*—A European hotel with rooms and cafe attached, and claiming the benefit of the act for the protection of inn keepers, may be an inn, and as such be liable for loss of goods by its guests.

Assumpsit, by a guest, for loss of goods. Appeal from the Superior Court of Cook County; the Hon. Henry V. Freeman, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed March 3, 1896.

KEENE H. ADDINGTON, attorney for appellant.

We hold it as fundamental that a "common inn," even though ordinarily such, may likewise sustain toward different characters; that at one and the same time it may be inn, boarding-house and lodging house; in other words, that in determining the true character of any such establishment, the question is one of fact to be decided upon a consideration of the circumstances surrounding, and the contract between the parties to the contention. In the case of Seward v. Seymour, Anthon's Law Student, 53, cited in Cromwell v. Stephens, 2 Daly (N. Y.) 23, it is said:

"The Atlantic hotel has a double character. It is a boarding-house and also an inn."

To like effect will be found Hall v. Pike, 100 Mass. 497.

The Supreme Court of this State in the case of Pullman Palace Car Company v. Smith, 73 Ill. 363, has committed itself to the following definition of an inn: "It must be a house kept open publicly for the lodging and entertainment of travelers in general, for a reasonable consideration. If a person lets lodgings only, and upon a previous contract with every person who comes, and does not afford entertainment for the public at large, indiscriminately, it is not a common inn." 2 Kent's Com., 495; Curtis v. Murphy, 63 Wis. 6.

Whether appellee comes within the legal definition of a guest is a question of fact, to be decided upon all the evi-

dence.   In  the  absence of  a specific agreement, its correct
decision  requires a  consideration  of the situation of the par-
ties and all  the circumstances.   The duration  of the plaint-
iff's  stay,  the  price  paid, the  amount of  accommodation
afforded,  the transient or permanent character of the plaint-
iff's  residence  and  occupation,  are all  to  be  regarded  in
settling the question.   Hall v. Pike, 100 Mass. 497.

The test questions are, was he  a traveler and a wayfarer,
and  was he  received and  entertained  as such  by the keeper
of the inn.   Norcross v. Norcross, 53 Me. 169.

The prominent idea in the definitions of the term "guest"
is that a guest must be  a  traveler,  wayfarer  or transient
comer  to  an  inn  for  lodging  and  entertainment.   Am. &
Eng. Enc. of Law, 13.

A lodger when he sojourns at an  inn  and takes his room
for a specified time, and pays  for  his  lodging  on  a special
agreement, as by the month or week, is a  boarder.   Neal v.
Wilcox, 4 Jones' Law (N. C.) 148.

A guest, as distinguished from a boarder, is bound for no
stipulated time.   He stops at the inn for as short or as long
a time as  he pleases, paying, while  he  remains, the custom-
ary  charge.    But if he and the innkeeper enter into a special
agreement  for  any  fixed  period  at  a  stipulated price, he
ceases to be  a  guest  and  becomes a boarder.   In  modern
times, and especially in cities, the practice has become very
general of furnishing accommodation by the week or by the
month, at a fixed rate, or as the  parties may agree, and the
persons who  furnish  accommodation  in this  way are dis-
tinguished as keepers  of  boarding  houses.   Stewart v. Mc-
Cready, 24 Howe Pr. Rep. 62.

WILLIAM E. DEVER, attorney for appellee, contended that
where a person, by the means usually employed in that busi-
ness, holds himself out to the world as an innkeeper, he can
not, in a suit  to  enforce  his liability as such innkeeper, be
heard to say that his professions are  false, and  that he is
not, in fact, an innkeeper.   Schouler on Bailments (2d Ed.),
Sec. 276, Par. 2; Krohn v.  Sweeney, 2 Daly (N. Y.) 271;
Pinkerton v. Woodward, 33 Cal. 257; 91 Am. Dec. 657.

The innkeeper is *prima facie* liable for the loss of goods in his charge, but may discharge himself by showing that the goods were lost without any fault whatever on his part. Metcalf v. Hess, 14 Ill. 129; Johnson v. Richardson, 17 Ill. 304.

The distinction between a guest and boarder (or lodger) is based mainly upon the fact that boarders (or lodgers) contract for a definite stay at specified prices. Amer. and Eng. Ency. of Law, Vol. 11, 18; Shoecroft v. Bailey, 25 Iowa 553, 555; 1 Parsons on Contracts, 628; Story on Bailments, 477.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellee is by occupation a concert singer.

The appellant is the proprietor of Hotel Carlyle, 228 to 230 North Clark street, Chicago. From August 28 to September 6, 1894, she taught piano lessons to the wife of the manager—not the proprietor—of the hotel, and during that period lodged and ate in the hotel, then went south for five weeks. She returned and lodged, not ate, in the hotel, from October 10th to October 30th, and then went again. December 24th returned again, and lodged only in the house until April 1, 1895.

On the night of March 6, 1895, her cloak was stolen. She sued the appellant and recovered $60. The only question in the case is, was she a guest at an inn?

She rented a room for her own occupation at $1.50 per week, and kept it more than three months. But she was by occupation transient, not permanent. In all respects affecting the question of guest or lodger, her case is more satisfactory that she retained the former character than was that of Mrs. Gen. Hancock, in Hancock v. Rand, 94 N. Y. 1. Gen. Hancock had engaged the lodgings in the Hotel St. Cloud for a fixed term, subject to contingencies.

The appellee did not engage for any term.

Cards of the Hotel Carlyle in the record, not abstracted, and therefore not to be looked at if they favored the appel-

lant, show that it was a European hotel of one hundred rooms, with first-class Vienna cafe attached, and by " rules and regulations" claiming the benefit of " an act for the protection of innkeepers," approved February 21, 1861. A European hotel may be an inn.

As a hotel it might at the same time have guests of an inn, and inmates who were not guests, within its walls. A great mass of authority is collected under the title " inns and inn keepers," Am. & Eng. Ency. of Law, Vol. 11, to which we refer without collating.

The judgment is affirmed.

MR. JUSTICE SHEPARD.

I do not think the relationship of inn keeper and guest existed between the parties, under the proved facts and circumstances.    P. P. Car Co. v. Smith, 73 Ill. 360.