## Wood, Appellant, *v.* Virginia Hot Springs Company.

*Foreign attachment—Cause of action—Tort—Unliquidated damages—Innkeeper—Loss of baggage.*

A foreign attachment will be dissolved where the affidavit of cause of action alleges that the defendant operated, controlled and managed a public hotel in the state of Virginia at which plaintiff was a guest; that not regarding its duties as such hotel or innkeeper, it did not keep plaintiff's jewelry and wearing apparel safely and without loss to plaintiff, but on the contrary defendant and its servants so negligently and carelessly behaved and conducted themselves that the hotel caught fire and the jewelry and wearing apparel was wholly destroyed. In such a case the cause of action is based on a tort, and the claim is for unliquidated damages, and not for a " sum of money due by certain and express agreement."

Argued Jan. 17, 1902. Appeal, No. 320, Jan. T., 1901, by plaintiff, from order of C. P. No. 4, Phila. Co., Sept. T., 1901, No. 115, dissolving foreign attachment in case of Meta J. Wood v. The Virginia Hot Springs Company. Before McCOLLUM, C. J., MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Foreign attachment.

The affidavit of the cause of action filed by the plaintiff averred that she is a citizen of the state of Pennsylvania, residing in the city and county of Philadelphia, state of Pennsylvania, and that the Virginia Hot Springs Company is a corporation duly organized under the laws of Virginia, a citizen of the said state of Virginia, residing at Hot Springs, state of Virginia, and heretofore operated, controlled and managed a public hotel or inn, known as the Homestead Hotel, for receiving, lodging and entertaining at said place, travelers and other guests. That the plaintiff on, to wit: July 1, 1901, registered at and was then and there received by defendant into said Homestead Hotel as its guest, and then and there had about her person and brought with her into said hotel certain jewelry and articles of wearing apparel, valued at $3,031.55 (a detailed statement of such articles being hereto annexed and made part hereof), they being such articles of goods, jewelry and valuables as is usual, common and prudent for any such guest or boarder to retain in her

room, and which said wearing apparel were then and there and from thence until the time of said loss in plaintiff's room in said hotel.    That the defendant as such hotel or innkeeper took unto itself and had the care and custody of such jewelry, articles and wearing apparel, of the plaintiff and the defendant promised the plaintiff to take due and proper care of such jewelry, articles and wearing apparel, whilst the defendant so had the care and custody of the same, but that the defendant, not regarding its duty as such hotel or innkeeper, did not keep plaintiff's said jewelry and wearing apparel safely and without loss to plaintiff, but on the contrary thereof, defendant and its servants so negligently and carelessly behaved and conducted themselves in that behalf, that afterwards, and whilst plaintiff so abided in said hotel as aforesaid, to wit: on or about July 3, 1901, that the hotel so managed, controlled and operated by defendants caught fire, and the aforesaid jewelry and wearing apparel of plaintiff were wholly destroyed, and plaintiff has been deprived of the use and custody of the same by defendant, in utter disregard of its contractual obligation to plaintiff as a guest of such hotel.    Plaintiff avers that said defendant is indebted to her in the sum of $3,031.55, without any defalcation or deduction whatever.

The court dissolved the writ.

*Error assigned* was in dissolving the writ.

*Samuel Gustine Thompson*, for appellant.—While it may be authoritatively suggested " that foreign attachment is a remedy for the recovery of debts or damages arising ex contractu," as decided by Boyer v. Bullard, 102 Pa. 555, it may, with equal authority, be said that the plaintiff may waive the tort and claim in assumpsit when there is an express or implied contract, and, if so, may pursue his remedy of foreign attachment. The liability of the appellees in this case springs from a contract of bailment: Houser v. Tully, 62 Pa. 95 ; Sultz v. Wall, 134 Pa. 272; Todd v. Figley, 7 Watts, 542; Calye's Case, 8 Coke, 32; Merritt v. Claghorn, 23 Vt. 182; Strock v. Little, 45 Pa. 416.

*Theodore W. Reath*, with him *Frank R. Shattuck, Thomas*

*Reath* and *Joseph I. Doran*, for appellees.—The affidavit of cause of action sounds in tort for negligence, and no affidavit of defense would be required.    Foreign attachment lies only for a debt upon contract, and does not lie for tort: Scottish Rite, etc., Assn. v. Union Trust Co., 195 Pa. 45; Jacoby v. Gogell, 5 S. & R. 450; Porter v. Hildebrand, 14 Pa. 129; Boyer v. Bullard, 102 Pa. 555; Corry v. Penna. R. R. Co., 194 Pa. 516.

An innkeeper or a common carrier may be sued in assumpsit, or the claimant may waive the assumpsit and sue in tort. The appellant in the case at bar elected to sue in tort: Shultz v. Wall, 134 Pa. 262.

OPINION BY MR. JUSTICE POTTER, March 3, 1902:

We do not understand that counsel for appellant in this case questions the established rule that foreign attachment is a remedy for the recovery of debts or damages arising ex contractu, and that it does not lie for a demand founded in tort.   The contention is rather that the plaintiff has waived the tort, and is claiming in assumpsit.    But we cannot so interpret the cause of action as set forth in the plaintiff's affidavit.

It alleges that the defendant operated, controlled and managed a public hotel in the state of Virginia, at which plaintiff was a guest.    That not regarding its duties as such hotel or innkeeper, it did not keep plaintiff's jewelry and wearing apparel safely and without loss to plaintiff, but on the contrary, defendant and its servants so negligently and carelessly behaved and conducted themselves that the hotel caught fire, and the jewelry and wearing apparel of plaintiff was wholly destroyed.

We cannot agree that the element of negligence has been dismissed from the case.    There is no allegation of an agreement to deliver goods of any certain definite quality or value, but the defendant is charged with such negligence or carelessness as resulted in the destruction of a large number of articles of wearing apparel, partly worn and of uncertain value, only to be fixed by the uncertain verdict of a jury.    It is evident therefore that the cause of action is the negligent and careless management of the hotel.    It is equally plain that the demand in this case is not for a debt, which is " a sum of money due by certain

and express agreement," but it is a claim for unliquidated damages, and it will not therefore support a foreign attachment.

We see no error in the action of the court below in making absolute the rule to dissolve the attachment.

The judgment is affirmed.