## Henry G. Moon, Defendant in Error, v. Emmet D. Yarian et al., Plaintiffs in Error.

### Gen. No. 14,304.

1. INNS AND INN-KEEPERS—*when relation of guest established.* Notwithstanding one who sues for lost baggage may have paid for his lodging by the week, yet if he has not established a permanent abode and has done nothing to divest himself of his status as a traveler, he is a guest within the meaning of the law and may hold the owner of his lodging-house to the liability of an inn-keeper.

2. MUNICIPAL COURT—*when new bill of particulars need not be required.* If the *ad damnum* is permitted to be increased beyond the amount called for in the bill of particulars, it is not error which will reverse for the court to refuse to order a new bill of particulars, the merits of the controversy not being affected.

Tort.   Error to the Municipal Court of Chicago; the Hon. WILL-
IAM N. GEMMILL, Judge, presiding.   Heard in this court at the
March term, 1908.   Affirmed.   Opinion filed March 4, 1909.

HUGH L. BURNHAM, for plaintiff in error.

GEORGE E. RUTHER, for defendant in error.

MR. JUSTICE HOLDOM delivered the opinion of the
court.

On the trial of this cause in the Municipal Court
plaintiff recovered a judgment against defendants for
$300, which was the amount of the verdict of the jury
less a *remittitur* of $100.   Plaintiff lost his baggage
while a guest of the ''Hotel Dearborn'', kept by de-
fendants, and the judgment is for compensation based
upon the value of the baggage lost.

The dispute centers in the contention on the part
of plaintiff that he was a guest at the hotel, while de-
fendants insist that he was a boarder and that con-
sequently the liability of an innkeeper does not attach.

''Hotel Dearborn'' is a hotel for transient guests.
Plaintiff lived at this hotel about two months in the
fall of 1906.   He paid for his accommodation by the
week—at first $1.50 for room 214½, and afterwards
$2.50 for room 73½.   From the latter room the bag-
gage was purloined.

The facts as to property lost and the value thereof
have been determined by a jury, whose award has been
modified at the suggestion of the court to meet the
court's view as to value, and as we cannot say that the
verdict and judgment are manifestly contrary to the
probative force of the evidence found in the record,
we are not disposed to disturb it, unless the theory
that defendants were not liable to plaintiff as inn-
keepers sufficiently appears from the proof to absolve
them from liability.

On this phase of the case the evidence develops that
plaintiff is a Korean and has lived in various places
in this country and on the dependent island of Hawaii.

He arrived at Hotel Dearborn in August, 1906, and in November following his baggage was taken from his room during his absence at his work. On leaving for his work in the morning he locked the door of his room and left the key with the hotel clerk.

It clearly, we think, appears that plaintiff was a transient guest at defendant's hotel. He had traveled much in this country, going from place to place, as far West as California, reaching Chicago in August, 1906. There is no evidence that he was permanently resident here or had any intention of so becoming. He made no arrangement looking to a permanent stay in Chicago with his landlords or any one else. From aught that appears to the contrary his employment, whatever it may have been, was as transient as his stay at the hotel. He was essentially a traveler within both the British and American interpretation, and a guest of the Hotel Dearborn, the landlords of which owed him the duty of an innkeeper to protect from harm his person and baggage, and a failure to do so and to extend such protection subjected the landlords to the liability which the law imposes upon innkeepers. They must compensate for the loss to their guest, occasioned by the non-fulfillment of the duty imposed upon them by law. A "wayfaring man" ceases to be a guest only when he takes up a permanent abode at an inn. He then becomes a boarder and loses his standing as a guest. Horner v. Harvey, 3 Gild. 307.

Plaintiff had no contract with his landlords indicative of permanency of residence. He was unhampered by any contract obligation from departing at his pleasure and resuming his travels at his will.

Hancock v. Rand, 94 N. Y. 1, is most frequently cited in this class of cases. Gen. Hancock intended to continue at the hotel with his wife for a definite time unless military duty required his presence elsewhere. Notwithstanding this intention as to fixity of time, he was still a guest, for New York was not his permanent home, and the court on disposing of this

point, say: ''The length of time a man is at an inn makes no difference, whether he stays a week or a month or longer; so, although he is not strictly transient, he retains his character as traveler.''

Moon, the Korean, may go his way to his native isle or elsewhere in the world, whenever the spirit of travel shall again possess him, for so far he has given no evidence of making his stay in Chicago permanent.

Bullock v. Adair, 63 Ill. App. 30, is decisive on fact and law of this case; and the late Judge Gary, speaking for the court, said: ''In all respects affecting the question of guest or lodger her case is more satisfactory that she retained the former character than that of Mrs. Gen. Hancock in Hancock v. Rand. * * * Gen. Hancock had engaged the lodgings in the Hotel St. Cloud for a fixed term, subject to contingencies. The appellee did not engage for any term.''

There is no conflict in what we have said in this case with what was said and decided by this court in Vigeant v. Nelson, 140 Ill. App. 644. In the first place in case *supra* we expressly held that the ''Maison du Nord'' was ''not an 'inn' in the technical sense for the accommodation of transient guests. Nor was the plaintiff in error such guest''. Here we hold that ''Hotel Dearborn'' is an inn and that Moon was a transient guest at the time he lost his baggage.

Whether the trial judge was in error or not in failing to order the plaintiff, at defendants' request, to file a new bill of particulars, after permitting him to increase the *ad damnum* from $457 to $600, did not affect the merits of the claim or hamper in any way the defense. The verdict and judgment were for sums less than claimed either in the bill of particulars on file or the one claimed to have been given by the attorney of plaintiff to the attorney of defendants, and which was offered and received as part of defendants' proof. They are also for sums less than the *ad damnum* before it was increased.

There is no cause shown justifying our interference with the judgment of the Municipal Court, and it is therefore affirmed.

*Affirmed.*