**Margery Burdock, Defendant in Error, v. Chicago Hotel Company, Plaintiff in Error.**

**Gen. No. 17,358.**

1. INNKEEPERS—*relation to guests.* Where a person engaged a room at a hotel of from five hundred to six hundred rooms, of which all but a few were occupied by transients, for an indefinite period, obtained a rate without meals, was given a key in the regular way, which she left with the clerk whenever she left the hotel, the relation of innkeeper was assumed by the hotel rather than that of a lodging house keeper.

Error to the Municipal Court of Chicago; the Hon. EDWARD A. DICKER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Affirmed. Opinion filed October 1, 1912.

John C. Everett, for plaintiff in error.

Frederick A. Brown, William R. T. Ewen, Jr., and John C. DeWolfe, for defendant in error.

Mr. Presiding Justice Clark delivered the opinion of the court.

Suit was brought by the defendant in error, hereinafter called the plaintiff, against the Chicago Hotel Company, plaintiff in error, hereinafter called the defendant, seeking to recover the value of certain personal property claimed to have been lost by the plaintiff while a guest of the Palmer House, owned and operated by the defendant company. There was a trial before the court and a jury, a verdict being rendered for the sum of $115, upon which judgment was entered.

The plaintiff registered at the hotel in September, 1908, and was given a room at $1.50 per day. A week later she was moved to another room, for which she paid nine dollars per week, until she left in the following June.

The principal question before us is whether the defendant assumed the obligation of an innkeeper or that of a lodging house keeper. The court charged the jury that it was a question of fact for them to determine whether the relationship between the plaintiff and the defendant was that of a transient guest at a hotel or whether it was that of a boarder or lodger at a boarding house or a lodging house. Defendant asked an instruction to the effect that the relationship between them was that of a lodger and lodging house keeper, and that the defendant was under no duty to care in any way for the safety of the goods or property of the plaintiff, which instruction was refused.

The only evidence in the record as to the contract made is that of the plaintiff. She testifies that while she paid by the week after being transferred to the second room, nothing was at any time said as to the

length of time which she would occupy the same. She further testified that her home was in Iowa, and that although she was in Chicago a large part of the time her business required her to travel more or less; that she was employed by two life insurance companies, being assistant treasurer of one of them. She was given a key to the room in the usual way, and whenever she left the hotel left the key with the clerk. The Palmer House has between five and six hundred rooms, nearly all of which are used by transient guests, a few being occupied by people who might not be considered as "transient."

The contract made between the parties would seem to be no different than that made ordinarily by an innkeeper with a guest, unless it be found in the fact that the rate was made by the week instead of by the day. We think the plaintiff would be entitled to expect that her treatment would be exactly the same as that of any transients at the hotel. The rate was given for the room alone, and did not include meals. We think the court would have been justified in charging the jury to this effect, instead of leaving it to them to determine what the contract was as a question of fact. Clearly the defendant would be entitled by rules and regulations to claim the benefit of the act for the protection of innkeepers, and doubtless does so. The following cases are in point: Bullock v. Adair, 63 Ill. App. 30; Moon v. Yarian, 147 Ill. App. 383, and Hancock v. Rand, 94 N. Y. 1.

Complaint is made that the value of the articles in question was not sufficiently established. We think, however, that a *prima facie* case was made by the plaintiff, and find nothing in the record which would warrant a reduction in the amount of the judgment.

*Affirmed.*