## Mathis v. Off et al., Executors.

*Innkeepers—Apartment-houses—Liability of owners for property stolen from guests—Act of June 12, 1913.*

1. An apartment-house which receives transient guests, rents rooms at a *per diem* rate or by the month or year and maintains a restaurant for the accommoda-tion of guests, the manager having access at all times to their rooms, keeping them clean and supplying them with sheets, bedding and towels, is an inn, and the owner and operator is liable as an innkeeper for property stolen from a guest who occupied a room for an indefinite period at a *per diem* rate.

2. Whether the liability of the owner of such an apartment-house is that of an innkeeper or a boarding-house keeper is a question of law for the court.

3. An action against an innkeeper for loss of goods is in trespass for viola-tion of this common law duty.

4. The Act of June 12, 1913, P. L. 481, does not affect an innkeeper's liability for the full value of a guest's goods taken from his room.

Motion for new trial. C. P. No. 1, Phila. Co., Sept. T., 1921, No. 444.

*Tustin & Wesley*, for plaintiff; *C. M. Butterworth*, for defendants.

TAULANE, J., April 8, 1926.—The real question in this case is whether the defendants' liability is that of an innkeeper.

As the jury has found that the plaintiff's goods were stolen from her room in the defendants' hotel, the facts in issue are now undisputed.

The defendants own and operate the Belgravia, a hotel, which has 182 rooms and accommodates regularly from 125 to 140 people. It receives tran-sient guests and rents rooms by the month or year to permanent guests as places of residence.

The plaintiff and her husband have resided for some years at Toms River, New Jersey. In January, 1921, the plaintiff and her husband engaged a room and bath at the Belgravia at $7 a day, or $42 a week. No arrangement or understanding was had as to how long the plaintiff and her husband would

remain. The Belgravia had a restaurant, which their guests could patronize as they saw fit, paying for such meals as they ordered.

The plaintiff and her husband stayed at the Belgravia until the latter part of May, 1921, when they returned to their home in Toms River. Between April 30th and May 2nd, 1921, while the plaintiff was absent from her room, her fur coat and stole disappeared. The defendants contend their liability is that of a boarding-house keeper, and there can be no recovery, because no negligence on their part was shown.

Instead of defining the relation of the parties, the trial judge instructed the jury that if the plaintiff's goods were stolen, the defendants were liable, unless they could show the loss was not due to their negligence. At the trial the trial judge was of the opinion that the liability of a modern hotel renting rooms and apartments for definite periods should be somewhere between that of an inn (where liability is absolute) and a boarding-house (where liability depends on negligence). Subsequent reflection convinces us there is no justification for this distinction. Negligence involves fault, and without fault, except in the instance of innkeeper, carrier of goods or some other similar relation, there is no liability. Thus, neither a sleeping-car company (Springer v. Pullman Co., 234 Pa. 172) nor a steamboat furnishing sleeping accommodations (American Steamship Co. v. Bryan, 83 Pa. 446) is responsible for the loss of a passenger's goods unless caused by negligence; the mere loss of goods from a berth or stateroom is no evidence of negligence.

If any such distinction existed, it would have no bearing on this case.

Did the charge harm the defendants? The facts as to whether the Belgravia is an inn are undisputed, and we are of the opinion that the facts clearly establish the defendant's liability as that of an innkeeper.

The court should have directed the jury to find for the plaintiff if they believed the plaintiff's goods were stolen from her room without fault on her part (Shultz v. Wall, 134 Pa. 262). The charge, therefore, was more favorable to the defendants than they were entitled to. Whether the Belgravia is an inn is a question of law for the court, as there are no facts as to this issue in dispute. In fact, both sides at the trial assumed this to be true, because they each requested binding instructions on this issue.

The plaintiff was a non-resident and came to the Belgravia to spend part of the winter without any arrangement as to the length of her stay. The fact she stayed some five months is no evidence she was not a guest: Pettit v. Thomas, 103 Ark. 593; Holstein v. Phillips, 146 N. C. 366; Burdock v. Chicago Hotel Co., 172 Ill. App. 185, and Hancock v. Rand, 94 N. Y. 1.

And neither does the fact that she was charged $42 a week make her any less a guest, particularly where the manager of the hotel testified that the rate of the plaintiff's room was $7 a day, the amount charged the plaintiff (12 Am. Law Reps. Ann. 261, and Thompson v. Lacy, 3 Barnewell & Alderson, 283). It is quite clear that the plaintiff was not a boarder in a boarding-house, but a guest in an inn. When the plaintiff went out she left the key to her room at the office. The hotel had access at all times to her room; it kept her room clean, supplied her with sheets and bedding, as well as towels for the bathroom.

This is not the case of renting an apartment or suite in a hotel, where exclusive possession is given to the tenant, who does his own cooking and cleaning: Roberts v. Case Hotel Co., 175 N. Y. Supp. 123.

It is always within the power of an innkeeper to terminate his liability as an innkeeper, if a guest overstays his time as a traveler, by due notice to the guest: Lamond v. Richard (1897), 1 Q. B. D. 541.

We are unable to follow Jeffords v. Crump, 12 Phila. 500, which seems to hold that, under the facts of the case at bar, the plaintiff was a lodger in a boarding-house.

The defendants contend for the first time that the action should have been in *assumpsit* and not in trespass. An action against an innkeeper for loss of goods is in trespass for violation of his common law duty. The action was properly brought (Wood v. Virginia Hot Springs Co., 202 Pa. 40). Moreover, should the action have been in *assumpsit*, it is too late now to raise the question. The case was tried on the merits and all defects in the statement of claim are cured by verdict.

The defendants further contend the Act of June 12, 1913, P. L. 481, limits their liability to $50.

We are relieved of interpreting the act, because the Superior Court, in Franchinia v. Palumbo, 79 Pa. Superior Ct. 234, held that the Act of 1913 does not affect or lessen an innkeeper's liability for the full value of a guest's goods taken from his room.

And now, to wit, April 8, 1926, the defendants' rule for a new trial is discharged, and defendants' motion for judgment n. o. v. is overruled, with an exception to the defendants.