## Chester Franzell & Co. v. Atlantic Coast Line Railroad Co.

*Horton Smith,* for plaintiff.
*Dalzell, Dalzell & McFall,* for defendant.
*Reed, Smith, Shaw & McClay,* for garnishee.

SWEARINGEN, J., Nov. 6, 1929.—Feb. 18, 1929, the plaintiffs began this case by præcipe for "writ of foreign attachment in *assumpsit*," and directed the summoning of the Pennsylvania Railroad Company as garnishee. In response

to a rule issued by the garnishee, the plaintiffs filed their affidavit of cause of action, in which they averred, *inter alia*, that the plaintiffs have their business in Pittsburgh, Pa.; that the defendant is a foreign corporation; that July 9, 1926, R. H. Holstein delivered to the Atlantic Coast Line Railroad Company at Martell, Florida, a carload of watermelons in good and marketable condition fit for transportation and consigned the same to the plaintiffs at Pittsburgh, Pa.; that the Atlantic Coast Line Railroad Company accepted and transported the shipment over its lines to Richmond, Virginia; that the defendant, in violation of its duties as a common carrier, "did so roughly, carelessly and negligently handle said shipment that upon delivery thereof to the plaintiffs at its destination the lading was in a badly shifted condition, melons bruised and broken and in a deteriorated condition, rendering a portion of the shipment entirely worthless and materially diminishing the market value of the balance," and that the market value of the watermelons on July 16, 1926, had declined 5 cents a melon from the market day previous, "due to the negligence and delay of the defendant," and the plaintiffs were compelled to dispose of the same at a loss of $50 from the market day previous, at which time the melons should have arrived in Pittsburgh.

Oct. 5, 1929, the garnishee filed its petition, in which it averred that the affidavit of cause of action did not set forth a good cause of action against the principal defendant, and it specified:

*(a)* That the affidavit did not aver that the defendant has property within the jurisdiction of this court.

*(b)* That no facts are set forth in said affidavit whereby the damages can be computed.

*(c)* Part of the damages claimed are alleged to be due to delay, yet the affidtvit does not allege that defendant did not handle the shipment with reasonable dispatch.

*(d)* The affidavit of cause of action shows that the suit is founded on negligence, which sounds in tort, and there is no allegation that the tort was committed within the Commonwealth of Pennsylvania.

No answer to the petition was filed by the plaintiffs.

We are of opinion the plaintiffs' affidavit of cause of action fails to state a good cause. There is no averment that defendant is the owner of any property within the jurisdiction of this court; therefore, there is no subject upon which a foreign attachment can be founded. Neither are there distinct, unambiguous allegations of what damages the plaintiffs sustained—whether they were due to delay or to negligence in handling the goods.

Undoubtedly, the cause of action stated sounds in tort. Long prior to the Act of June 21, 1911, P. L. 1097, it was held that foreign attachment could only be maintained in cases *ex contractu*, and that if the action was really *ex delicto*, the tort could not be waived: Wood *v*. Virginia Hot Springs Co., 202 Pa. 40. Then the amending Act of 1911 permitted certain actions to be commenced by foreign attachment when, and only when, the "tort was committed within this Commonwealth."

There is no allegation in the plaintiffs' affidavit of cause of action as to where this tort was committed—certainly none that it was committed within this Commonwealth. Consequently, we have no jurisdiction of this cause, and the motion of the garnishee to dissolve the attachment must be granted.

*Order.*—And now, to wit, Nov. 6, 1929, after argument and upon consideration, the motion to dissolve the foreign attachment, *ex parte* garnishee, is granted.

From William J. Aiken, Pittsburgh, Pa.