DAVID LITTLEFIELD *versus* INHABITANTS OF BIDDEFORD.

The plaintiff traveling with a hired horse met an accident through a defect in the highway, by which the horse was entirely ruined. He paid its value to the owner. In his damages recovered of the town *it was held,* that the value of the horse was rightfully included.

CASE to recover for injury sustained through a defect in the highway, tried before WHITMAN, C. J.

The plaintiff had hired a horse for the day. It was so badly hurt by the accident, that it was necessary to kill it at once. The plaintiff afterwards paid its value to the owner. The legal question reserved was, whether the instruction to the jury was correct. The instruction was, " that the defendants, if liable at all, were liable to general damages, and full value of said horse; that it was enough, that the plaintiff had hired the horse ; that that fact gave him the right to maintain an action for the full value of the horse, as he had paid that amount to the man of whom he hired him."

The verdict was for plaintiff, including the value of the horse.

*J. Shepley* and *Luques,* for defendants, cited, R. S. c. 25, § 89 ; *Reed* v. *Belfast,* 20 Maine, 246 ; *Kennard* v. *Burton,* 25 Maine, 39, not contradictory, but confirmatory of *Reed* v. *Belfast* ; 1 Chitty's Pl. 50—52.

*Bourne,* for plaintiff.

SHEPLEY, C. J. — The question presented by the instructions is, whether one in possession of a hired horse, can recover damages for the loss of him, occasioned by defects in a highway.

The statute, c. 25, § 89, provides that any person, who " shall suffer any damage in his property," through any defect in a highway, may recover of the town liable to keep the highway in repair, the amount of such damage.

The hirer acquires a special property in the article hired, and is regarded as the owner of it, for the purpose of recovering damages of one, who has injured or destroyed it, while in his possession. *Croft* v. *Alison,* 4 B. & A., 590 ; *Boynton* v. *Turner,* 13 Mass. 391. This rule, it is said, cannot be applicable to the present case ; for if the horse was injured without any fault of the hirer, the loss would not fall upon him, but upon the general owner. And if the loss were occasioned by any fault or neglect of the hirer, he would not be entitled to recover of the defendants.

These positions, although founded upon acknowledged prin-

ciples of law, do not show, that the plaintiff is not entitled to recover. They assume, that the hirer of a horse would not be guilty of any fault, as it respects the owner, by driving him upon a highway defective and unsafe.

This cannot be admitted. And yet, so far as it respects those liable to keep the highway in repair, he could not be chargeable with any neglect or fault. The relations existing between the hirer and owner, and between the hirer and those liable to keep a highway in repair, are not the same. The argument, therefore, although very plausible, is not sound.

Under a motion to set aside the verdict, it is contended, that there is no satisfactory proof, that the plaintiff was in exercise of ordinary care. The law cannot determine, what is ordinary care. It depends upon the application of the facts and circumstances proved to the position of the party. In this case it is not perceived, that the jury might not have found, that the plaintiff was in the exercise of ordinary care, without being chargeable with acting under some improper influence, or that they could not have found, that the highway was not safe and convenient, or that, the plaintiff had suffered damages to the extent of their finding, without being subject to such an influence. *Exceptions and motion overruled.*