## Frank H. Hebard and Romaine Blakeslee, copartners, etc., as Hebard & Blakeslee, v. Ella Riegel.

1.  EXPRESSMEN—*Liability for Loss of Trunk—Notice of Contents.*— An expressman who transports a trunk, knowing it to be the luggage of a passenger, can not set up as a defense in a suit for the value of such trunk and its contents, where they correspond with the condition in life of the passenger, that some of the articles were not proper freight or baggage, because the circumstances give notice.

2.  SAME—*When Liable as Carrier of Baggage.*—Expressmen transporting the luggage of passengers from or to the depot of a carrier of passengers, are liable for injury to, or loss of such luggage, as carriers of baggage and not as carriers of freight. The circumstances notify them

that they are carrying the luggage of some one who has it as a passenger; they have the same notice that a passenger carrier has of the contents of the luggage, and their liability should be governed by the same rule.

3. EVIDENCE—*Owner May Swear to Value of Property.*—A person suing an expressman for the loss of a trunk and its contents may properly be allowed to testify to the value thereof, for a person is presumed to know the value of his own belongings.

**Trespass on the Case,** for the loss of a trunk and contents. Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed January 7, 1897.

NEWELL & HELDMAN and JAMES H. VAN HORN, attorneys for appellants.

CHARLES B. WOOD and HORACE S. OAKLEY, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

October 16, 1893, the appellee, with two companions, arrived in Chicago by the Pennsylvania railroad, and the checks for their luggage were delivered to the appellants, who were expressmen and delivered trunks from depots to hotels. They received the luggage, but did not deliver her trunk at the hotel designated.

The circumstances of the loss need not be stated; they do not indicate any moral delinquency by the appellants or their servants.

The court instructed the jury that the appellants were liable only " as carriers of freight and not of baggage." Whether that is a correct statement of the law applicable to carriers of passengers' luggage from the depot of one passenger carrier to that of another, or to or from such depots from or to hotels or private houses, may be doubted. The circumstances notify them that they are carrying the luggage of one who has it as such passenger. Having such notice, the expressman has the same notice that a passenger carrier has of the contents of the luggage, and his liability should be governed by the same rule. The only contest here, is, first, whether the contents of the trunk—being only

such as a lady having a fair share of the luxuries of life would carry when visiting the World's Fair—were such as the appellants would be responsible for; and, second, whether her testimony—she not being a dealer--was competent as to value.

Now on the first point—whether as carrier of freight or passenger luggage—the appellants had notice that it was the luggage of a passenger, that it was an even chance that the passenger was a lady, and thus they, in carrying her luggage, took the risk that she would carry luggage corresponding to her condition in life; and therefore they can not set up as a defense that some of the articles were not, in the absence of notice of the contents, proper freight or baggage, because the circumstances gave notice, and the contents were not of kind or value unusual.    Hutchinson on Carriers, Sec. 61, n. 3.

Aside from the detail which the appellee gave of her experience, she is presumed to know the value of her own belongings.    Parmalee v. Raymond, 43 Ill. App. 609.

There is no error, and the judgment is affirmed.