## William S. Eden et al. v. Nat Drey.

1. HOTEL KEEPERS—*Loss of Baggage Presumptive Evidence of Negligence.*—The loss of the goods of a guest while at an inn, is presumptive evidence of negligence on the part of the inn keeper, and in case of such loss, the inn keeper can alone absolve himself from liability by showing that the loss occurred without any fault whatever on his part, or by the fault of the guest.

2. SAME—*Failure of Guest to Ask for Baggage Not Negligence.*—The mere fact that a guest does not ask for his baggage or inquire as to its safety for a period of several days after its reception by his host, the inn keeper, can not be said under such circumstances as appear in this case, to constitute negligence.

3. SAME—*When Liability for Baggage Commences.*—When baggage is received by an inn keeper, and the owner delivers it for the purpose of becoming a guest and soon afterward does become a guest of the hotel, the responsibility of the inn keeper for the safe keeping of the baggage will be held to have begun at its reception, even though such reception was prior to the time when the owner arrived.

4. SAME—*Liability for Baggage Extends to Merchandise Carried by a Guest.*—The responsibility of an inn keeper is not necessarily limited to such baggage as is carried for convenience of travel, but extends as well to merchandise carried by a guest when received by the inn keeper as shown in this case.

5. TRIALS—*Instructions to Find for the Plaintiff—When Proper.*—Where a plaintiff makes out a clear case, and there is no defense, the trial court is warranted in instructing the jury to find for the plaintiff.

**Transcript,** from a justice of the peace. Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in this court at the October term, 1897. Affirmed. Opinion filed March 24, 1898.

### STATEMENT OF THE CASE.

The undisputed facts in this case are that appellee became a guest of appellants, inn keepers; that within two or three hours previous to the time when appellee arrived at the hotel, registered and was assigned a room, two boxes, bearing appellee's name and containing merchandise carried for sale, were delivered at appellants' hotel, taken in charge by the porter and placed in the baggage room; that these boxes were by mistake of the inn keepers, appellants, misde-

Eden v. Drey.

livered, i. e., delivered to another guest, one Lillis, who informed the porter that the boxes were not the ones which he was expecting. In spite of the disclaimer of Lillis, the porter persisted that they must be his boxes, and opened them in Lillis' room. Lillis disposed of part of the merchandise contained in the boxes, whereby the same was lost to appellee.

Appellee testified that when the boxes were delivered at the hotel he was present, and directed the porter as to caring for them. This can hardly be said to have been disputed, although the effect of Eden's testimony would be that appellee was not at the hotel and did not register until two or three hours later. It does not appear that Eden could have had knowledge as to any interview between appellee and a porter.

In this suit, brought to recover the value of the goods so lost, the trial court held that there was no evidence to establish a defense, and instructed the jury to find for appellee, the plaintiff.

Burnham & Baldwin, attorneys for appellants.

In Illinois, inn keepers are not insurers of their guest's property, but are excused by showing that they were in no wise negligent or that their guest was guilty of contributory negligence. Schouler's Bailments (2d Ed.), par. 288; Johnson v. Richardson, 17 Ill. 302; Metcalf v. Hess, 14 Ill. 129; Kelsey v. Berry, 42 Ill. 469; Merritt v. Claghorn, 23 Vt. 177; McDaniels v. Robinson, 26 Vt. 316; Howe Machine Co. v. Pease, 49 Vt. 477; Dawson v. Chamney, 5 Q. B. Adolf & E. (N. S.) 164; Cashill v. Wright, 6 El. & Bl. 890; Story on Bailments (18th Ed.), par. 472; Howth v. Franklin, 20 Texas, 798; Laird v. Eichold, 10 Ind. 212.

The inn keeper's liability can in no case arise until the relation of inn keeper and guest is established by contract, express or implied. Wright v. Caldwell, 3 Mich. 51; Grosvenor v. New York C. R. R. Co., 39 N. Y. 34; Strauss v. The County Hotel and W. Co., 12 Q. B. Div. 27; Schouler's Bailments (2d Ed.), par. 285.

The inn keeper's liability extends only to the personal property and effects of guests. Merchandise brought into a hotel for sale does not come within the rule. Schouler's Bailments (2d Ed.), par. 303; Burgess v. Clements, 4 Maule & S. 306; Myers v. Cottrill, 5 Biss. 465; Mowers v. Fethers, 61 N. Y. 34; McDaniels v. Robinson, 28 Vt. 387; Pettigrew v. Barnum, 11 Md. 434.

LEE & LAWRENCE, attorneys for appellee; FRANK JOHNSTON, of counsel.

The liability of a hotel keeper for the care of goods begins from the time of the delivery of the goods to a servant of the hotel. Sasseen & Whitaker v. Clark, 37 Ga. 242; Dickinson v. Winchester, 58 Mass. (4 Cush.) 114, 119; Edwards on Bailments, Sec. 460.

In the absence of a special agreement an inn keeper receives goods intrusted to his care, in his capacity as inn keeper. Hilton v. Adams, 71 Me. 19; Richmond v. Smith, 8 Barn. & Cress. 9; Needles v. Howard, 1 E. D. Smith (N. Y.) 61; Epps v. Hinds, 27 Miss. 663.

The inn keeper's responsibility is not limited to "baggage," like a carrier, but extends to all goods and chattels which the guest may bring to the inn. Wilkins v. Earle, 44 N. Y. 179; Piper v. Manny, 21 Wend. 282; Hulett v. Swift, 33 N. Y. 571; Berkshire, etc., Co. v. Proctor, 61 Mass. (7 Cush.) 426; Hilton v. Adams, 71 Me. 19; Needles v. Howard, 1 E. D. Smith (N. Y.), 54; Clute v. Wiggins, 14 Johns. (N. Y.) 175; Sneider v. Geiss, 1 Yeates (Pa.), 34; Richmond v. Smith, 8 Barn. & Cress. 9; Johnson v. Richardson, 17 Ill. 302; Metcalf v. Hess, 14 Ill. 129; Lawson on Bailments, Sec. 283; Story on Bailments, Sec. 481.

It is not necessary to give notice to an inn keeper of the arrival of goods. Burrows v. Trieber, 21 Md. 320; McDonald v. Edgerton, 5 Barb. 560; Bennet v. Mellor, 5 T. R. 273; Calye's Case, 8 Coke, 32.

The liability of the inn keeper for the goods of his guest extends to all parts of the inn. Burrows v. Trieber, 21 Md.

320; McDonald v. Edgerton, 5 Barb. 560; Story on Bailments, Sec. 479.

A bailee, whether gratuitous or for hire, who delivers the goods he has as bailee to the wrong person, and offers no proof showing it was without fault, is liable, as a matter of law. Lichtenhein v. Boston & P. Ry. Co., 11 Cush. (Mass.) 70; Willard v. Bridge, 4 Barb. 361; Hall v. Boston & W. Ry. Co., 14 Allen (Mass.), 439; Lockwood v. Bull, 1 Cowen (N. Y.), 322; Beardslee v. Richardson, 11 Wend. (N. Y.) 26; Schmidt v. Blood, 9 Wend. 268.

Where property comes to the possession of an inn keeper, and is afterward delivered by him to the wrong person, or otherwise lost, he is liable, as a matter of law, in the absence of explanation of the loss or misdelivery, whether it be as an inn keeper, or not, and whether he is a gratuitous bailee or a bailee for hire. Coykendall v. Eaton, 55 Barb. 188; Murray v. Clarke, 2 Daly (N. Y.), 102.

MR. JUSTICE SEARS DELIVERED THE OPINION OF THE COURT.

Counsel for appellants contend, first, that there was evidence tending to excuse appellants from the presumption of negligence, and hence that the case should have been left to the jury without peremptory instruction; second, that at the time of the loss of the goods by misdelivery, the relation of inn keeper and guest had not been established between appellant and appellee, and hence that there was no liability; and third, that the responsibility of the inn keeper for the safe keeping of the baggage and chattels of a guest does not extend to merchandise carried for purposes of sale.

It is the rule that loss of the goods of a guest, while at an inn, is presumptive evidence of negligence on the part of the inn keeper. Metcalf v. Hess, 14 Ill. 129; Story on Bailments, 472.

And in case of such loss " the inn keeper can alone absolve himself from liability by showing that the loss * * * occurred without any fault whatever on his part, or by the fault of the guest," etc. Johnson v. Richardson, 17 Ill. 302; Kelsey v. Berry, 42 Ill. 469.

There is no evidence in this case tending to show that the loss was either without fault of appellants, or through fault of appellee. On the contrary, it is undisputed that appellants' negligence in insisting upon a misdelivery was the cause of loss. The mere fact that a guest does not ask for his baggage or inquire as to its safety for a period of several days after its reception by his host, the inn keeper, can not be said, under such circumstances as appear here, to constitute negligence. If there was no defense the trial court was warranted in instructing the jury to find for the plaintiff. Williams v. Moore, 69 Ill. App. 618.

The relation of inn keeper and guest was established by the reception of the baggage. When the baggage was received, as here, by the inn keeper, and the owner delivered it for the purpose of becoming a guest and soon afterward did become an inmate of the hotel, the responsibility of the inn keeper for the safe keeping of the baggage will be held to have begun at its reception, even though such reception was prior to the time when the owner came personally *infra hospitium*. Dickinson v. Winchester, 4 Cush. 114; Sasseen v. Clark, 37 Ga. 242.

The responsibility of an inn keeper is not necessarily limited to such baggage as is carried for convenience of travel but extends as well to merchandise carried by a guest, when received by the inn keeper as here shown. Calye's Case, 8 Coke, 32; Berkshire Woolen Co. v. Proctor, 7 Cush. 428; Wilkins v. Earle, 44 N. Y. 179.

It would appear from this record that no other result could have properly obtained than that which was directed by the trial court.

The judgment is affirmed.