Opinion by
Henderson, J.,
If the plaintiff’s case depended upon the question whether the twelfth paragraph of his lease with the defendant, under which he agreed to conform to “any and all rules and regulations now governing said apartment house and to any and all reasonable alterations thereof or additional regulations which may be deemed necessary for the protection of the building and the general comfort and welfare of the occupants thereof; and to be responsible for the observance of all such regulations by lessee’s family, servants, employees, guests or visitors,” and the provision as to trunks: “Each tenant may store two trunks in the storeroom, without charge, at the owner’s risk. Key of storeroom will be kept at office, and bellman will go to the storeroom with guests,” included among the matters of information communicated to guests on a card posted on the inside of a closet door, constituted a contract as to such provision for trunks, by which the lessor was released from liability for safe custody, the proposition would be a debatable one that the notice of permission to store trunks in the basement was not one of the “rules and regulations” contracted about in that paragraph; but it is not necessary to pass on that subject, for the case is with the plaintiff if it be conceded that a contract of limited liability existed. The plaintiff was a resident of the hotel. His patronage was advantageous to the defendant. The provision for storage of trunks was convenient for the plaintiff, and was an incident of the business carried on by the defendant and was- presumably, to some extent, an inducement to a continued patronage of the hotel. When the trunks were placed in the custody of the defendant in the room provided for that purpose, a bailment was created for mutual advantage. An unexplained loss of the property in the hands of the bailee gives rise to a presumption of negligence where such a bailment exists and the bailee is liable for his failure to exercise ordinary care: Beckman v. Shouse, 5 Rawle, 179; Farnham v. R. R. Co., 55 Pa. 53; Lancaster County *300 Nat. Bank v. Smith, 62 Pa. 47; Woodruff v. Painter, 150 Pa. 91; Jones on Bailments, 56; Wells v. Steam Nav. Co., 8 N. Y. 375; Delaware & Chesapeake Steam Towboat Co. v. Starrs, 69 Pa. 36. That a common-law -liability on such a bailment would arise does not seem to be disputed by the appellant, but it is contended that the notice that trunks may be stored in the storeroom at the owner’s risk exempts the defendant from all liability for the loss. The right of a bailee to limit his liability by special contract'is well established, but this does not go to the extent of relieving against his own fraud or negligence. Such was the express statement of the law in Lancaster County Nat. Bank v. Smith, 62 Pa. 47: “We have more than once held that a bailee cannot stipulate against liability for his own negligence.” To the same effect is Farnham v. R. R. Co., 55 Pa. 53. In Delaware & Chesapeake Steam Towboat Co. v. Starrs, 69 Pa. 36, the contract provided that the barge was towed “at the risk of the master and owners thereof, ” and the question was, whether the contract was intended to create an exemption of the defendants from all responsibility for the negligence of their servants. The towing company was not a common carrier and, therefore, not an insurer of the safety of the boats taken in tow, and its liability was that of ordinary skill and care. The meaning of the words “at the risk of the master and owners, ” was held to be that the towing company did not assume the liability of common carriers and was not an insurer, but it was not- extended to give exemption from the negligence of the servants of the company. The same doctrine is thus expressed in 5 Cyc. of Law and Procedure, 175, on the authority of numerous cases: “As a general rule bailees may contract for any degree of exemption from liability that stops short of protection in case of fraud or of their own negligence.” This rule has frequently been applied to common carriers and is applicable with equally good reason to bailees who for hire take the property of others into their care: New Jersey Steam Nav. Co. v. Merchants’ Bank, 47 U. S. 344; Schieffelin v. Harvey, 6 Johns. Rep. 170; Rhymer v. Del., L. & W. R. R. Co., 27 Pa. Superior Ct. 345; American Express Co. v. Sands, 55 Pa. 140; Railroad Co. v. Lockwood, 84 U. S. 357.
*301 The facts established by the verdict of the jury make out a case of negligence against the defendant. The plaintiff’s trunk was shown to be in the storeroom on July 5. When it was called for by the owner a short time thereafter it could not be found. Its disappearance was not accounted for by the manager of the hotel, nor was any evidence introduced tending to explain the loss. The notice posted in the plaintiff’s room informed him that the key of the storeroom was kept at the office and that a bellman would go to the storeroom with him. He was thereby given to understand by implication that the baggage room was under the observation and care of the management of the hotel. It was shown at the trial by witnesses for the defendant that the key to the storeroom was not kept at the office, but that two keys were in the possession of two employes who performed the duties of porter and acted in other capacities about the hotel. No attempt was made to excuse the defendant for not producing the trunk. The only defense seems to have been an effort to show that the plaintiff had not lost a trunk, and this attempt failed as shown by the verdict of the jury. On the case as presented by the evidence the learned court was not in error in refusing the defendant’s points.
The judgment is affirmed.