## J. Eugene Flint, Appellee, v. Illinois Hotel Company, Appellant.

INNS AND INN-KEEPERS—*when responsibility attaches with respect to baggage.* Where baggage is delivered to the inn-keeper as the baggage of an intended guest who within a reasonable time thereafter actually becomes a guest, the responsibility of the inn-keeper for the safe-keeping of the baggage relates back to the time when the baggage was delivered.

Appeal from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the November term, 1908. Affirmed. Opinion filed May 19, 1909.

LILLARD & WILLIAMS, for appellant.

STONE & OGLEVEE, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

This is a suit by appellee, a traveling salesman, against the Illinois Hotel Company, appellant, conducting a hotel at Bloomington, Illinois, to recover the value of a suit-case and its contents alleged to have been delivered to a servant of appellant to be kept for appellee as a guest of the hotel, which suit-case and its contents were thereafter lost. Upon the hearing of the case before the court without a jury there was a finding and judgment against appellant for $63.75.

The evidence tends to show and the court was warranted in finding, that appellee upon his arrival at Bloomington by train at about 5:30 P. M., on January 22, 1908, delivered his suit-case and sample case to one Hendryx, the agent of a local transfer company, with directions to deliver the same to appellant; that Hendryx carried said baggage to the hotel conducted by appellant and delivered the same to the head porter employed in said hotel, at the same time stating to the porter that the owner of the baggage would be there

for dinner in a few minutes; that appellee arrived at the hotel about 6:15 P. M. when he registered, and upon his request to be assigned a room was informed by the clerk that they were short on rooms at that time and that he, appellee, had better wait until later in the evening before having his room assigned; that appellee then went to dinner and thereafter attended a revival service, returning to the hotel about 10 P. M., when a room was assigned to him; that he then called for his baggage and it was ascertained that his suitcase was missing, but that his sample-case was on the floor in the corridor of the hotel, between the hotel office and the check room; and that said suit-case was not thereafter recovered by appellee.

In the recent case of Rockhill v. The Congress Hotel Co., 237 Ill. 98, it was held that an inn-keeper owes the duty and assumes the obligation of safely keeping the property of his guests, and if the property is lost all that is necessary to make a *prima facie* case is to show the relation of inn-keeper and guest and the loss; that the burden is then cast upon the inn-keeper to exonerate himself and this he may do by showing that there has been no negligence on the part of himself and his servants, or that the loss was caused by the personal negligence of the guest or some one for whom the guest was responsible, or by superior force. The relation of inn-keeper and guest may be, and was in this case, established by the reception of the baggage by the inn-keeper. Where the baggage is delivered to the inn-keeper as the baggage of an intended guest who, within a reasonable time thereafter, actually becomes a guest, the responsibility of the inn-keeper for the safe keeping of the baggage relates back to the time when the baggage was delivered. Eden v. Drey, 75 Ill. App. 102.

In the case at bar the delivery of the baggage by Hendryx, the agent of appellee, to the proper servant of appellant, was, in effect, a delivery of such baggage by appellee to appellant, and the duty was thereby im-

posed upon appellant to safely keep such baggage until called for by appellee within a reasonable time after its reception.

Appellant seeks to avoid responsibility upon the ground that a general custom prevailed in its hotel and in hotels of like character whereby guests of the hotel, for their own convenience, placed or directed their baggage to be placed upon the floor of the hotel lobby or corridor. If appellee had placed his baggage upon the floor of the hotel, or had directed the same to be so placed, the question sought to be raised by appellant would be involved, but in the absence of any evidence of such conduct on the part of appellee the question is purely academic.

The finding and judgment of the Circuit Court was right and will be affirmed.

*Affirmed.*