Frederick L. Gross, Defendant in Error, v. Saratoga European Hotel & Restaurant Company, Plaintiff in Error.

### Gen. No. 16,644.

1. INNKEEPERS—*who are guests.* A weekly rate and a lengthy stay do not, in the absence of taking up a permanent abode at a hotel, take from a person the status of a "hotel guest."

2. INNKEEPERS—*bailee may recover for articles lost.* A guest of a hotel who had possession as bailee, gratuitous or otherwise, of articles that he properly entrusted to the hotel keeper, is entitled to maintain an action for their value.

3. INNKEEPERS—*bailee can recover entire value of lost articles.* Where an innkeeper loses articles entrusted to his care by a guest, a bailee, the guest is not restricted to the recovery of the value of his special interest in the property, but can recover the whole value and will hold the amount so recovered in excess of his own interest for the general owner.

4. INNKEEPERS—*limitation of liability.* The liability of an innkeeper for a valise and contents entrusted to his care is not limited to fifty dollars, by the Act of 1909, for the protection of innkeepers, where the valise is lost through his negligence.

5. INNKEEPERS—*presumption of negligence in loss of goods.* A presumption of negligence arises when luggage is handed by a guest to an authorized employee or agent of a hotel for custody and cannot be afterwards found or heard of.

6. EVIDENCE—*owner may testify as to value of wearing apparel.* In an action by a father against a hotel company for the loss of a valise containing wearing apparel and related articles belonging to his daughter, which he entrusted to the hotel for custody when he was a guest, the testimony of plaintiff and his daughter as to the value of the articles is not only competent evidence but is also the best evidence.

Error to the Municipal Court of Chicago; the HON. JOHN H. GILLAN, Judge, presiding. Heard in this court at the October term, 1910. Affirmed. Opinion filed December 30, 1912.

Adolph Marks, for plaintiff in error; Elijah N. Zoline, of counsel.

Dunne, McKeever & Dunne, for defendant in error.

Mr. Justice Brown delivered the opinion of the court.

The defendant in error was the plaintiff below. He recovered a judgment in the Municipal Court of Chicago, April 12, 1910, for $150 against the plaintiff in error, the Saratoga European Hotel & Restaurant Company, defendant below. The cause was tried without a jury. The claim was for the value of a suit case and of a handbag and of their respective contents, which were committed by the plaintiff to the care and custody of the defendant as an innkeeper.

It is not disputed that the plaintiff brought the bags and the contents sworn to and recovered for to the hotel, which is an inn under the common-law definition for the entertainment and accommodation of transient guests. Nor can it be reasonably denied that he had rightful possession and custody of all the contents, nor that it was a reasonable amount of luggage to bring to an inn where he was staying, nor that he entrusted the bags with their contents to a person in the employ of the defendant, held out to be a proper agent for the purpose of receiving the guests and their belongings. Nor is it disputed that the goods disappeared and were lost to the plaintiff from the moment he so entrusted them, and have never been returned to him, although he has demanded them from the defendant.

The common-law liability of the hotel keeper would seem to be plain, unless one of the two following defenses made by the defendant is good: First, that because, as it is claimed, plaintiff had negotiated a weekly rate for his room while proposing a stay of

several weeks therein away from his home, which was in another city and state, he did not have the status and consequent rights of a "guest at an inn." Second, that although the articles in the suit case which the plaintiff entrusted to the innkeeper were in his custody, care and control, the title to them did not rest in him but in his daughter.

As to the first of these defenses, we are cited by the plaintiff in error to Clifford v. Stafford, 145 Ill. App. 247. It is not necessary to discuss it or to attempt to distinguish it. This court is on record in Moon v. Yarian, 147 Ill. App. 383, as holding to the doctrine which we believe is the better and accepted one, that a weekly rate and a lengthy stay do not, in the absence of taking up a permanent abode at a hotel, take away from a person the status of a "hotel guest." This was the position taken by the Court of Appeals of New York also in an elaborate and well-reasoned opinion in Hancock v. Rand, 94 N. Y. 1, which may be considered as the leading case on the subject in the United States since the change in the manner of hotel keeping in modern days, which that opinion points out. It is immaterial therefore whether the rate made by the hotel to the plaintiff was a daily one, as the plaintiff testified, or a weekly one, as maintained by the defendant.

Nor does the second proposition of the defendant furnish an adequate defense. It is true that the plaintiff had possession as bailee of the articles in the suit case, the value of which was included in the verdict and judgment he obtained, and did not own them. But he had a right to their possession and entrusted them to the innkeeper. That was sufficient to impose on the innkeeper the liability to the plaintiff for their loss under the circumstances proven. Counsel have cited several cases in which courts have held that the bailor in such a case, not being a guest, could directly recover from the innkeeper the value of his property, and could not recover for property which did not be-

long to him, although lost simultaneously by the guest who was the bailee.

Citation of authority was hardly necessary to establish this position, but it has nothing to do with this case. There would be but one recovery allowed of course, but that the bailor could sue at his option instead of the bailee in such a case, does not show that if the bailor does not first sue and recover, the bailee cannot rightfully recover for the property entrusted to him and by him in turn entrusted to the innkeeper. The reverse of this proposition indeed is the etablished law.

Actual ownership on the part of a guest of property brought by him to the inn and lost while *infra hospitium* is not essential. His qualified property or legal interest as bailee, gratuitous or otherwise, is sufficient to sustain the action. Kellogg v. Sweeney, 1 Lans. (N. Y.) 397; Chamberlain v. West, 37 Minn. 54; Eden v. Drey, 75 Ill. App. 102.

It is not necessary for us to decide in this case whether correlative to the obligation to answer for its loss the innkeeper had, either by the common law or statute, the right to a lien on the contents of the suit case in question here. It is not in issue. The suit case and contents are gone, undoubtedly stolen from the hotel when they were in the custody of the innkeeper. He is liable to his guest who brought them there. Farther than that we need not go except to answer the questions suggested by defendant, whether the proper rule of damages was applied and whether the evidence which was received to establish the damages was competent. We think the answer to both these questions must be in the affirmative.

The defendant contends that under the Act for the protection of Innkeepers, approved June 9, 1909, the liability of an innkeeper for a valise or traveling case and contents is limited to fifty dollars. The plaintiff in the case at bar was given more than that sum for the suit case and its contents. The damages for

their loss were based on the testimony of the plaintiff's daughter, who owned the contents, and who testified to their value.

But the act excepts from the limitation of damages a loss or injury occurring through the negligence of a hotel proprietor or his servants or employees in a hotel. A presumption of negligence, we think, arises when, as in this case, the luggage is handed to an authorized employee or agent of the hotel for custody and cannot be afterward found or heard of. Metcalf v. Hess, 14 Ill. 129; Eden v. Drey, 75 Ill. App. 102.

As to the damages, the plaintiff was not restricted to the value of his special interest in the property lost, but can recover the whole value and will hold the amount so recovered in excess of his own interest for the general owner. Littlefield v. Biddeford, 29 Maine 310; Woodman v. Nottingham, 49 N. H. 387; American & English Encyclopedia of Law, vol. 3, p. 762. (Bailments.)

As to that value, the testimony of the plaintiff himself and of his daughter was not only competent evidence, but on the whole, under the circumstances of this case and in consideration of the character of the property lost, the best evidence. The goods were largely wearing apparel or related articles. As this court says in Hebard v. Riegel, 67 Ill. App. 584, a woman is presumed to know the value "of her own belongings" of this kind, and as the same court said in Parmelee v. Raymond, 43 Ill. App. 609: "In the case of loss of personal wearing apparel the owner is entitled to recover its value to him, not what, as second hand or odd pieces, it would have sold for in the market." To the same effect is the utterance of the Court of Appeals of New York in Fairfax v. New York Cent. R. Co., 73 N. Y. 167.

Of course there is nothing conclusive in this testimony of the plaintiff and his daughter, but it was competent and relevant. The court had before it also the evidence adduced by the defendant of persons sup-

posed to be experts in second-hand clothes, and made its decision, it is to be presumed, in view of it all. We shall not disturb it. We are not satisfied that the judgment is against the law and the evidence or that it resulted from substantial errors in the municipal court directly affecting the matters at issue between the parties, and it is affirmed.

*Affirmed.*