## PROVIDENCE STOCK CO. v. ADELPHIA HOTEL CO.

(District Court, E. D. Pennsylvania. July 6, 1921.)

No. 6754.

**Innkeepers ☞11(8)—Bound to exercise ordinary care in conveying property of guest.**

Liability of a hotel company, which in accordance with its practice of furnishing conveyance for baggage of guests to and from its hotel, delivered a trunk of plaintiff for carriage to a person who stole it, *held* dependent on whether or not it exercised ordinary care.

At Law. Action by the Providence Stock Company against the Adelphia Hotel Company. On motion by defendant for new trial. Overruled.

Charles J. Biddle, of Philadelphia, Pa., for plaintiff.
Ralph B. Evans, of Philadelphia, Pa., for defendant.

DICKINSON, District Judge. Counsel for defendant now presses upon our attention only two reasons for a new trial:

1. The court instructed the jury that the defendant was liable only for the lack of ordinary care of the property of the plaintiff. This reduced the responsibility of the defendant to the legal minimum, if the defendant is to be regarded as a caretaker. Counsel for defendant complain of this and assert that the trial judge should have instructed the jury that the defendant was answerable only for gross negligence. The distinction when applied to a caretaker is not altogether clear, because, unless the caretaker is wholly exculpated, he cannot be held

to a measure of care more favorable to him than the lowest measure applicable and such ordinary care is.

The case of Scott v. Bank, 72 Pa. 471, 13 Am. Rep. 711, is not in conflict with the instructions given to the jury, for the court there refused to hold the defendant to a degree of care which would have been beyond the ordinary.

Hirsh v. Anderson, 58 Pa. Super. Ct. 387, is more nearly in point, but the determination of this case is again not in conflict with the instructions given to the jury in the instant case, because the Hirsh Case was specifically ruled upon its special facts. The trial court held the defendant there to the measure of ordinary care. The appellate court ruled that under the special circumstances the defendant was liable only for gross negligence.

The distinction, as counsel for defendant states it, between the absence of ordinary care and gross negligence, is not entirely clear, because the two things differ only in phraseology, or the one merges into the other, inasmuch as the absence of ordinary care would be gross negligence. This is not the distinction made in the cited case. There the trial judge instructed the jury that the defendant was bound to take the same care of the property of the plaintiff as a reasonably prudent and cautious man would take of his own property. No exception was taken to this instruction. On the motion for a new trial the trial court disposed of the motion on the theory that the defendant was liable as an insurer; it being admitted there was otherwise no liability.

Inasmuch as the relation of hotel keeper and guest had not been established, the appellate court found that there was no such relation, but that the defendant was a mere gratuitous bailee, and that no evidence had been submitted to the jury upon which the judgment entered could be safely based. It is significant that the judgment was reversed without a venire.

The rule of ordinary care does not necessarily mean the kind of care which a man takes of his own property, but it means ordinary care under the circumstances. If, as in the Hirsh Case, a person sends a trunk or other luggage to a hotel to there await his coming, and the trunk is stored in the place provided by the hotel for that purpose, and the only evidence in the case is that the trunk was rifled of some of its contents, these facts present no evidence from which any failure to exercise ordinary care or other breach of duty on the part of the hotel proprietor can be found.

In the instant case, however, there is much more than this. The defendant company made it its practice and business for the convenience of the owners of luggage and the advantage of the hotel to proffer the facilities provided by the hotel for the conveyance of the luggage of those arriving and those departing from the hotel. The hotel delivered the plaintiff's trunk to a man selected by the hotel. This man stole it. If he was an employee of the hotel, the defendant would have been liable beyond dispute. If the carrier had been in the recognized business of carrying trunks, there would have been no evidence of lack of ordinary care in delivering the trunk to him.

The question was whether in the exercise of ordinary care the trunk would have been delivered to a total stranger, thus giving him an opportunity to make off with it. Without further elaboration of the question, we remain of opinion that the instructions given were as favorable to the defendant as it had a right to expect.

2. The second reason pressed is the failure of the court to affirm the defendant's sixth point. The point could not have been safely affirmed categorically as written. The point was answered and substantially affirmed in the general charge. The jury were instructed that the burden of proof to show what had been lost was upon the plaintiff. The jury were further instructed that the plaintiff had failed to carry this burden with respect to a part of the claim made. This was because, although there was evidence of what had been put into the trunk, there was also evidence that some part of this particular line had been sold, and there was no evidence of what had been sold.

With respect to the part of the claim for which the plaintiff recovered, there was direct and clear-cut evidence in the testimony of the salesman who had taken the trunk to the defendant's hotel.

The rule for a new trial is denied, and plaintiff may move for judgment on the verdict. To give definiteness of date, no judgment is now entered, but it may be entered by the clerk upon præcipe.