## Baione v. Heavey.

*Lionel Teller Schlesinger*, for plaintiff; *Alexander S. Bauer*, for defendant.

GLASS, J., March 16, 1931.—The plaintiff seeks to recover for the cost of repairs to his automobile which had been allegedly stolen while in the custody of the defendant. On May 22, 1930, the plaintiff stored his automobile with the defendant, who operated an open-air public garage at the northeast corner of Twentieth and Market Streets, in the City of Philadelphia. The said automobile was stolen after it had been stored with the defendant, and, when recovered, it was in a damaged condition. The case was tried by a judge without a jury, who made a finding in favor of the plaintiff in the sum of $194.70, the cost of the necessary repairs. The defendant filed motions for a new trial and for judgment for the defendant *non obstante veredicto*, which are now before us. The motion for a new trial is not strenuously pressed, but the defendant contends that he is entitled to judgment in his favor for the following reasons: (1) Because there was no other contract than that of a lease of space; and (2), because plaintiff failed to prove any want of ordinary care on the part of the defendant.

In view of the finding for the plaintiff, all the evidence and proper inferences therefrom favorable to the plaintiff must, under the familiar rule, be

taken as true, and all unfavorable to him rejected: Hunter *v.* Pope, 289 Pa. 560, 562; Caldwell *v.* Continental Trust Co., 291 Pa. 35; Frank *v.* Reading Co., 297 Pa. 233; Snyder *v.* Penn-Liberty Refining Co., 302 Pa. 320.

Viewed from this standpoint, the trial judge, who was the trier of the facts, could reasonably have found as follows: That the defendant maintained and operated an open-air parking space at the northeast corner of Twentieth and Market Streets, on a lot which was unfenced and uninclosed, except for a brick wall on the eastern end, being open on the south, which faces Market Street, on the west facing Twentieth Street, and on the north facing Commerce Street, with accommodations for the parking of 250 cars at one time; that there is a main entrance on the Market Street side where intending customers drive onto a gangplank and deliver their cars to an employee of the defendant in charge there; that on May 22, 1930, at about 8.30 o'clock in the evening, the plaintiff drove his automobile onto the gangplank at the entrance aforesaid, got out of his automobile, paid the fee of 35 cents, received a ticket or check, left the ignition key in the car so that it could be moved from place to place by the defendant and his employees, and that the defendant thereupon took possession of his said car, which was in perfect condition, and the plaintiff left; that upon his return about 11 o'clock that evening, and upon presentation of his check for his automobile, the defendant could not deliver it to him, it had been stolen; that it was recovered two weeks later, and was then in a damaged condition which necessitated repairs in the sum in which the finding was made.

The testimony justified the trial judge in finding that the transaction in question was a bailment for hire: Berry on Automobiles (5th ed.), 1075, § 1480. "One who maintains a lot for parking cars and charges for each car parked is a bailee for hire and is under the duty and liability that the law imposes on such a bailee." As a bailee, he is required to exercise reasonable care to protect the automobile from being lost or damaged. The care required is that of a reasonable man in the circumstances: Berry on Automobiles (5th ed.), 1071, § 1474. The plaintiff's automobile having been lost or stolen while in the possession of the bailee, who is a garage-keeper, the presumption of negligence on the bailee's part is raised: Berry on Automobiles (5th ed.), 1078, § 1482: "Where one receives an automobile as bailee, being benefited by the transaction, his inability to return or account for the same constitutes an implied breach of the contract of bailment for which he is answerable in damages, unless he can show that the loss was not due to any lack of due care on his part."

In 6 C. J. 1158, § 160, the modern rule is expressed as follows:

". . . the proof of loss or injury establishes a sufficient prima facie case against the bailee to put him upon his defense. [This rule applies where the bailee has exclusive possession of the article bailed]. . . . In order to throw the burden of evidence upon the bailee it is sufficient that the bailor has shown damage to the bailed article that ordinarily does not happen where the requisite degree of care is exercised."

In the instant case the bailee had exclusive possession of the plaintiff's automobile.

In Bash *v.* Reading C. S. & Ice Co., 100 Pa. Superior Ct. 359, the court said:

"The rule of presumption of negligence applied to a bailee is based upon the theory that where the bailee has exclusive possession of the goods, the acts attending the loss or injury must be peculiarly within his own knowledge and, therefore, he is required to excuse or justify a failure to return the goods

in a proper condition: Zell v. Dunkle et al., 156 Pa. 353 (358); Duffy's Garage v. Sweeley, 66 Pa. Superior Ct. 583."

The liability of the bailee is not affected by reason of the knowledge of the bailor as to the manner in which, or the place where, the automobile is kept. Its acceptance by the bailee imposes upon him due care for its protection. It is immaterial whether the place used for the parking or storing of the automobile is an uninclosed and unfenced lot, whether it be fenced and inclosed, or fenced and inclosed and covered. When the plaintiff in the instant case produced testimony of delivery of his automobile to the defendant for a consideration, and that the bailee was unable to return it to him upon demand, it cast upon the said bailee the burden of proof that there was no negligence on his part: Logan v. Mathews, 6 Pa. 417.

The bailee was liable for any damage caused to the bailed article resulting from the lack of reasonable diligence and care: Vannatta v. Tolliver, 82 Pa. Superior Ct. 546. What constitutes ordinary care and diligence necessarily varies with the circumstances under which the bailment is made, the nature of the subject matter, the business in which the bailee is engaged and the usages of that particular industry, and is necessarily a question for the jury: Lancaster County Bank v. Smith, 62 Pa. 47, 54; Erie Bank v. Smith, 3 Brewster, 9, 16; Safe Deposit Company of Pittsburgh v. Pollock, 85 Pa. 391, 393; Cody v. Venzie, 263 Pa. 541.

Whether or not there was negligence on the part of the bailee in this case was resolved in the affirmative by the trial judge, who was the trier of the facts, and properly so, and he was justified in so finding, and could have found in the language expressed in Galowitz v. Magner, 208 App. Div. 6, 203 N. Y. Supp. 421, 424: "Where a space is enclosed by an eight-foot board fence for parking cars, with an entrance and an exit, a checking system and three attendants to look after and take care of cars as they came in and went out, the jury might infer that the theft of the plaintiff's car could not have occurred had defendant and his employees properly performed their duties. Indeed, it seems to me that such inference is well nigh irresistible, because someone must have taken out plaintiff's car without presenting a check or ticket therefor, and to permit this was clearly negligent."

We see no merit in the defendant's contention that he was relieved of liability for the loss or theft of the automobile because there was printed on the face of the receipt or check in question the following: "Charges are for use of parking space only, and management assumes no liability of any kind." The law in this state is well settled that a bailee cannot stipulate against liability for his own negligence: Hoyt v. Clinton Hotel Co., 35 Pa. Superior Ct. 297; Farmhan v. Railroad Co., 55 Pa. 53; Doyle v. Central R. R. Co., 45 Pa. Superior Ct. 216, in which Orlady, J., said (p. 225):

"In our own case of Hoyt v. Clinton Hotel Co., 35 Pa. Superior Ct. 297, we held: 'The right of a bailor [bailor erroneously used instead of bailee] to limit his liability by special contract is well established, but this does not go to the extent of relieving against his own fraud or negligence.' Such was the express statement of the law in Lancaster County National Bank v. Smith, 62 Pa. 47. We have more than once held that a bailor [bailor erroneously used instead of bailee] cannot stipulate against liability for his own negligence: Wright v. Adams Express Co., 43 Pa. Superior Ct. 40; Bullard v. D., L. & W. R. R. Co., 21 Pa. Superior Ct. 583; Lloyd v. Haugh, 223 Pa. 148."

Accordingly, the motions for a new trial and for judgment for the defendant *non obstante veredicto* are dismissed.